SWIFT *vs.* KINGSLEY and others.

24b 541
28ap377

Although, under the code, the allegations of the complaint, not specifically denied, are to be regarded as admitted, yet where there are several answers, an admission made in one is not available against the others.   Each answer must stand by itself as a complete defense, and the plaintiff must recover upon the whole record.

An implied admission, in one of several answers, therefore, will not conclude the defendant, or estop him from showing the matters of defense set up in another answer.

The statute (*Laws of* 1850, *ch.* 278) requiring a contractor with the state for the performance of work upon the canals to execute a bond conditioned that he will pay all *laborers* employed by him, and the general rail road act, containing a similar provision, in respect to laborers employed in the construction of rail roads, were designed to secure the payment of the *actual laborers;* those who do the work on canals and rail roads.   They were not intended to include contractors or jobbers, or sub-contractors of portions of the work.

Accordingly *held* that a sub-contractor, in respect to a portion of the work contracted to be performed by another, upon a canal, could not maintain an action upon the bond given by the contractor, to the state, in pursuance of the statute, to recover a balance remaining due to him from the contractor.

APPEAL from a judgment entered at a special term, upon the report of a referee.   The complaint charged that on the 27th December, 1854, the defendant Kingsley entered into a contract with the state of New York, to construct all the culverts on sections 285 to 298 inclusive, on the Erie canal enlargement.   That on the 8th of January, 1855, the defendants executed a bond to the said state, in pursuance of the provisions of an act passed April 10th, 1850, entitled "an act to secure the payment of wages to laborers employed on the canals and other public works of this state;" and which is set out at large in the complaint.   Which bond was duly filed in the office of the clerk of Monroe county.   That the plaintiff, at the request of the defendant Kingsley, excavated on section 294, of earth, 3095 yards, at the agreed price of 20 cents per yard, and 1182 yards of rock at 75 cents per yard, amounting in the aggregate to $1506.03.   That the plaintiff also labored for said Kingsley in and about said canal work, 60 days, at one dollar per day.   That said work and labor was completed on the 5th of May, 1856, and that for the cause aforesaid the defendants were indebted to the plaintiff for a balance of $426.11.   The defend-

ants answered, 1. That on the 14th of January, 1856, the plaintiff entered into a contract with the defendant Kingsley to dig two culvert pits on sections 294 and 295, at the rate of 20 cents per cubic yard for earth, 30 cents per cubic yard for loose rock, and 75 cents per cubic yard for solid rock excavations, to be paid monthly, according to the engineers' estimate; and that the work alleged in the complaint was done under such contract as a sub-contractor on said canal, and not as the laborer or servant of said Kingsley. 2. That in pursuance of such contract, the plaintiff excavated 1500 yards of earth, 550 yards of loose rock, and 550 of solid rock, at the prices aforesaid, which was the same work stated in the complaint, and denied that the plaintiff performed any greater or other amount of work than above stated, or that he performed the day labor or any part thereof; and they averred that it was a part of said contract that Kingsley might reserve from such price the wages of the laborers, employed on the same, and that he has fully paid said laborers, and denied that there was any thing due the plaintiff, but alleged that he had been fully paid. 3. That by the said contract the plaintiff was to complete his work by the 1st of April, 1856; and averred performance on the part of Kingsley; but alleged that the plaintiff had not completed the work; that a large amount thereof remains unfinished, and that the plaintiff had refused to complete the same, to the damage of the defendant Kingsley, &c. The cause was referred by order of the court to Ebenezer Griffin, Esq. The counsel for the plaintiff claimed before the said referee, that the cause of action and work done, specified in the complaint, was admitted by the first answer of the defendants; and that in that stage of the cause, as the defendants held the affirmative, under the second and third answers, no proof was necessary on his part. The counsel for the defendants moved that the plaintiff be nonsuited, upon the ground that on the pleadings in this action the plaintiff's claim was not admitted. And upon the further ground, that the plaintiff was not entitled to recover without proof. But the referee decided that the claim of the plaintiff was admitted by the pleadings, and that

no proof was necessary to entitle him to recover; to which decision the counsel for the defendants excepted. .

The defendants offered to prove, under the second defense in their answer, that 1887.53 yards of earth excavation and 881.13 yards of rock excavation on section 294, was done by the plaintiff under his contract, and that that was all the labor performed by the plaintiff on that section. The plaintiff thereupon admitted that amount of work was done, but objected to the defendants' right to prove that no more work was done, for the reason that they were estopped by the pleadings from so doing. The referee sustained the objection, and decided that the defendants could not prove any thing about work different from the amount of work admitted by the first defense, and as stated in the complaint, and excluded the evidence. To which decision the defendants also excepted.

The referee reported that the defendants were indebted to the plaintiff in the sum of $335.99, besides costs.

*Lansing & Backus*, for the appellants.

*H. K. Jerome*, for the respondent.

*By the Court*, E. DARWIN SMITH, J. This case was obviously tried upon a mistaken theory. There being no general denial of the allegations of the complaint, it was held that the plaintiff was not, under the pleadings, bound to make any proof, and that he could recover upon the implied admissions made in one of several answers. The allegations of the complaint not specifically denied are, it is true, to be regarded as admitted. (*Code*, § 168.) But where there are several answers, an admission made in one is not available against the others. Each answer must stand by itself as a distinct defense, and the plaintiff must recover upon the whole record. One issue found for the defendant, if a material one, is as complete a defense for him as if all the issues were found in his favor. The first answer in this case sets up a special contract, and states that the work alleged to have been performed by the plaintiff was done by the

plaintiff under such contract, and as a sub-contractor of the defendant Kingsley, and not as his servant or agent. The issue presented upon this answer is simply that the work mentioned in the complaint was performed by the plaintiff under a *special contract* as a *sub-contractor.* It impliedly admitted the work mentioned in the complaint, and denying none of its allegations must be held to admit them. The referee decided correctly, so far as relates to this answer. If it were the only answer in the action the plaintiff might rest at once on the pleadings, and leave the defendant to prove the special contract. But this did not entitle the plaintiff, upon the basis of this implied admission, to recover upon the whole record. The admission in this answer is not an admission of a fact in the cause, but is simply an admission for the purpose of that particular answer, and must be limited in its operation and effect to that answer.

The second answer sets up the special contract, and admits distinctly a specified amount of work done under it, and denies that any more work was done, and sets up payment for the work and that nothing is due the plaintiff. The burden of proof to show the special contract, and payment, under this answer, was upon the defendant. If the plaintiff was entitled to recover upon the admissions in the pleadings, I think he was not entitled to recover for any more work than is distinctly admitted in this answer, for it contains an explicit denial that any more work was done. If the plaintiff was not satisfied to recover for the amount of work herein specifically admitted, I think he was bound in the first instance to give proof of the work, to recover for more than such amount. The referee therefore erred in treating the implied admission in the first answer as an admission upon the whole record entitling the plaintiff to recover for the whole work claimed in his complaint, without any proof. And if this be not so, the referee clearly erred in refusing to permit the defendant, under the issue presented in the second answer, to prove the actual amount of the work done, and to show that no more work was done than was admitted in such answer. It was a mistake to hold that the admission implied in the first

Swift *v.* Kingsley.

answer *estopped* the defendant from proving under another issue the true amount of the work.

The amount of damages which the referee has reported in favor of the plaintiff was therefore made up upon an erroneous assumption that the admission in the first answer was conclusive and estopped the defendant from showing the real facts. But it appears from the proof and the referee's report, taken together, that the defendant did fully sustain the issue of fact tendered upon the first answer.

The referee however finds, as matter of law, that the plaintiff is entitled to recover. This finding assumes that the fact stated in this answer, that the plaintiff was a sub-contractor and performed the work as such under a special contract, was not in law a valid defense in the action. This seems to be the real point of the defense, and one which the court will necessarily have to meet again if we send the case back for a new trial without deciding it now. In the case of *McCluskey* v. *Cromwell*, (1 *Kernan*, 593,) the court of appeals held that a bond given to a contractor upon the state works, under the act under which the bond set up in the complaint in this action was given, (*Laws of* 1850, *ch.* 278,) was not an available security for the payment of laborers employed in constructing the work by a person to whom it was sub-let by such contractor : *a fortiori* it cannot be an available security for such sub-contractor himself. This statute and the general rail road law containing a similar provision in respect to laborers employed in the construction of rail roads were passed by the same legislature, and were doubtless designed for the same object, to secure the payment of the *actual laborers ;* those who do the work on canals and rail roads ; those who in fact use the shovel, the pickax and the wheelbarrow, and carry the hod. They were never designed for contractors or jobbers or sub-contractors of portions of the work. This class of men can take care of themselves, ordinarily. But the legislature knew well that the actual operatives in most cases were poor men who depend upon their daily labor for a livelihood, and were therefore greatly exposed to suffer from the injustice, oppression and bankruptcy of contractors. These statutes were

passed for the protection specially of this class of men, and cannot be extended to embrace any others. In *Warner* v. *Hudson River R. R. Co.*, (5 *How.* 454,) it was held that a man who performed work with his team was *a laborer*, within the terms of the act, and all *others* who by themselves or by their servants actually performed the work, in contradistinction from those who employ the laborers. The plaintiff here was a sub-contractor under the defendant Kingsley and of a part of his job. His claim is for work done under a special contract in which he agrees to employ as large a force of men as can work to advantage. He is himself an employer of men in large numbers. He is not in any sense a *laborer*, within the sense and meaning of the statute.

The judgment should be reversed, and a new trial granted; costs to abide event.

[CAYUGA GENERAL TERM, June 1, 1857. *Johnson, T. R. Strong* and *Smith*, Justices.]