CHARLES M. SITER v. WILLIAM C. JEWETT, WILLIAM R. GORHAM, AND WILLIAM H. TAYLOR.

REDEMPTION FROM MORTGAGE SALE.—A second mortgagee, who is not made a party defendant in an action foreclosing the first mortgage, is barred of the right of redeeming from a sale made under the foreclosure, unless he commences his action to redeem within four years from the time his right of action accrues on his debt.

PLAINTIFF'S PROOF.—The burden is cast on the plaintiff of proving every material allegation in the complaint which is denied in the answer.

AVERMENTS OF EVIDENCE IN COMPLAINT.—Averments in the complaint of the facts
    constituting a deraignment of title, are but averments of evidence, and are not
    admitted by a failure to deny them in the answer.
DENIAL OF AVERMENTS IN COMPLAINT.—If the complaint contains averments of
    the facts constituting a deraignment of title in a certain manner, and the answer
    contains a counter averment that the title was derived in a different manner, this
    counter averment is a denial, if it is alleged that the facts are not otherwise than
    averred in the counter statement.
ANSWER CONTAINING SEPARATE DEFENCES.—If the answer contains several defences
    stated separately, an admission made in one answer, for the purpose of pleading
    a separate defence, does not destroy the effect of a denial of the matter thus
    admitted in another answer.
JUDGMENT IN FAVOR OF ONE OF SEVERAL DEFENDANTS.—If several are made
    defendants in a foreclosure suit, and only one answers, and the others make
    default, and the case is tried as to the one answering, and the complaint is dis-
    missed as to him, the fact that the plaintiff is entitled to judgment against the
    defaulters is no reason why the appellate Court should reverse the judgment.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

Action commenced June 30th, 1862, to foreclose the mortgage on two fifty vara lots in Block Ten of South Beach water lots, in the City of San Francisco. The following averments were in the complaint: August 5th, 1853, W. C. Jewett mortgaged the property to Dexter Brigham. February 6th, 1854, Jewett mortgaged the same property to Thomas C. Hambly. March 3d, 1854, Jewett filed a petition in insolvency, and was discharged from his debts. Defendant Gorham was Jewett's assignee in insolvency. April 27th, 1854, Brigham filed his complaint in foreclosure, making Jewett and Gorham the only defendants. Gorham was made defendant as the assignee of Jewett. Judgment of foreclosure was rendered. The property was sold at Sheriff's sale, and bid in by one Swain. The title thus acquired by Swain was vested in defendant Taylor.

Jewett left California February 20th, 1857, and returned February 27th, 1858, and left again November 1st, 1858, and had not returned at the time of the trial. Siter insisted that as Hambly was not made a party to Brigham's foreclosure, Siter, his assignee, was not bound thereby. He also claimed, notwithstanding Jewett's assignment and discharge in insolvency, that the land was still subject to the lien of the

Hambly mortgage, because, as he contended, the right of action on the Hambly note and mortgage was not barred by the Statute of Limitations, Jewett not having been four years within the State since the cause of action accrued. Proceeding on this theory, he sought to foreclose the Hambly mortgage, and asked that, after paying to W. H. Taylor, the assignee of the purchaser under the Brigham foreclosure, the amount of the purchaser's bid and interest, the residue be applied to the satisfaction of the Hambly mortgage.

On the trial plaintiff introduced in evidence the note and mortgage to Hambly, and proved Hambly's assignment to him, and then, after introducing parol evidence tending to show Jewett's absence from the State, rested.

The defendant then introduced the decree of foreclosure in the case of *Brigham* v. *Jewett and Gorham.* The following was the judgment entered:

" This cause having been brought to trial as against the defendant William H. Taylor, on the pleadings and proofs in the case, and it appearing to the Court that the plea of the Statute of Limitations is well pleaded by said William H. Taylor, and that the cause of action did not accrue herein as against said defendant William H. Taylor at any time within four years before the commencement of this suit, it is hereby ordered, adjudged and decreed, that the complaint in this cause be and the same is hereby dismissed with costs in favor of said defendant.

" Entered March 8th, 1865."

The plaintiff appealed.

The other facts are stated in the opinion of the Court and the concurring opinion of Mr. Justice Sawyer.

*J. S. Blatchley,* and *Edward Tompkins,* for Appellant.

*Doyle & Barber,* for Respondent.

By the Court, SHAFTER, J. :

The plaintiff sues as assignee of Thomas C. Hambly, to foreclose a mortgage executed to him by the defendant Jewett, on the 6th of February, 1854, and also to redeem from a prior mortgage by Jewett to one Brigham. All consideration of the bill as a bill to redeem may be dismissed, for the counsel of the plaintiff admits that it cannot be maintained in that aspect on the record now before us. The only question then to be considered by us is whether the Court below erred in dismissing the action as to the defendant Taylor in its other aspect of a bill to foreclose the mortgage of Jewett to Hambly, whereof the plaintiff is assignee.

The defendants Jewett and Gorham, having failed to answer, defaults were duly taken against them. Taylor answered, and the dismissal as to him was on the pleadings and the evidence submitted at the trial. That judgment is the only one contained in the transcript, and for aught that appears to the contrary it is the only one entered, as yet, in the action. The appeal is from this judgment and from the order denying the plaintiff a new trial.

The complaint sets up the note and mortgage of Jewett to Hambly, made on the 6th of February, 1854, and the assignment by Hambly to the plaintiff. It further alleges, with other things not necessary to be stated here, that the title to the land had become vested in the defendant Taylor under the following deraignment : A decree rendered in 1854 foreclosing the prior mortgage to Brigham in a suit by Brigham against Jewett and Gorham, his assignee in insolvency, to which suit Hambly was not made a party ; a purchase by one Swain at the foreclosure sale, and a Sheriff's deed to him duly executed, and various mesne conveyances from Swain to the defendant Taylor. Taylor's answer stated three several defences to the action, each being separately stated : First—A general denial. Second—A plea—as the counsel for the plaintiff understands it—" setting up title in himself." Third—The Statute of Limitations.

Under the general denial the burden was upon the plaintiff of proving, amongst other things, that Taylor held the land subject to the Hambly mortgage as alleged in the complaint; but the case was submitted without evidence upon that question. (*Goodenow* v. *Ewer*, 16 Cal. 468.) The counsel for the plaintiff insists, however, that the second defence stated in Taylor's answer admits that he held the land by title derived from Jewett and subject to the Hambly mortgage. But to this position there are two replies. In the first place it is not directly alleged in the complaint that Taylor took the Jewett title subject to the Hambly mortgage. The averment is of a deraignment tending to prove that result. The second defence certainly does not expressly admit the deraignment; and should it be considered that the deraignment is not denied either directly or argumentatively by a counter statement irreconcilable with its truth, still it cannot be considered that Taylor admits it or any part of it by his omission to traverse it. The deraignment being but matter of evidence, Taylor was not called upon to notice it at all. (*Moore* v. *Murdock*, 26 Cal. 525.) No sinister construction can be put upon silence when there is no obligation to speak. But the deraignment from Jewett to Taylor through the Brigham foreclosure, set up in the complaint, was not only not admitted by the second defence, but it was expressly put in issue by a counter statement therein, to the effect that Taylor's title from Jewett came through a series of voluntary deeds "and not otherwise." This was a denial of the deraignment alleged in the complaint, by the "formal traverse" of the common law. (1 Ch. Pl. 589.) The burden of proving the disputed deraignment was of course upon the party asserting it, and no evidence was adduced or offered.

But in the second place, should it be considered that the second defence admits the deraignment by implication, still such admission would not be available to the plaintiff to · prove what Taylor controverted by his general denial. The second defence is in fact what the learned counsel for the plaintiff understands it to be, viz : a plea by Taylor " setting up title in himself;" that is, a title in himself not subject to

the Hambly mortgage.   The admission suggested, if the plea contains it, must be considered as having been made for the sake of the plea merely.   An admission in the course of a pleading, is not an admission for all the purposes of the cause. (*Robins* v. *Maidstone*, 4 Q. B. 811.)   It was held in *Swift* v. *Kingsley et al.*, 24 Barb. 541, that " although under the code the allegations of the complaint not specifically denied are to be regarded as admitted, yet where there are several answers, an admission made in one is not available against the others."

It is urged that the plaintiff was entitled to judgment against Jewett and Gorham on the defaults entered against them.   But that is no reason why the judgment of dismissal as to Taylor should be reversed and a new trial granted as to him.   Judgment against the other defendants has not been denied, and it is to be presumed that a proper decree will be entered upon their respective defaults when applied for.

Judgment affirmed.


SANDERSON, J., concurring specially :

I concur in the judgment.


SAWYER, J., concurring :

If the parties holding the legal title to the mortgaged premises after the conveyance of Jewett's interest, were in the State for a period of four years after the note and mortgage in suit fell due, and before the commencement of this action, the action to foreclose the mortgage as against such parties was clearly barred.   (*Lent* v. *Shear*, 26 Cal. 369.)   I am, however, unable to see upon the pleadings that the facts constituting the bar appear, and the evidence sheds no light upon the question.   It nowhere appears, except inferentially, at what time the title passed from Jewett.

But the judgment is correct.   The plaintiff has no cause of action against defendant Taylor, unless said Taylor has or

claims some interest in the land subject to the mortgage of Hambly, or in some way affected by it. Plaintiff must recover, if at all, on the case made in his complaint. He nowhere directly avers in express terms that Taylor has, or claims to have, any interest in the premises subject to the mortgage to Hambly. He avers two other mortgages upon the same premises, both prior to the mortgage to Hambly— the one in suit; that these mortgages had been respectively foreclosed without making Hambly, or those claiming under him, including plaintiffs, parties; that the title derived through sales under these respective foreclosures had vested in defendant, Taylor. This is the only interest shown in Taylor by the complaint by which any cause of action can be worked out against him. But all these allegations were put in issue by the answer, and no proof whatever was offered to sustain them. The only possible ground of action against Taylor alleged in the complaint, therefore, failed for want of proof. There is no other averment showing a cause of action.

In a separate and distinct answer Taylor sets up title to the mortgaged premises in himself, in which he avers that on the 6th of August, 1853, long before the date of the mortgage in suit, the premises in question were by the owner conveyed to one Wm. C. Jewett, and that, by several mesne conveyances, the title of Jewett had become vested in himself. If it were conceded to be admissible to use the affirmative averments of one answer to supply the place of proof upon an issue directly formed by the denials of another and separate answer, this would not avail the plaintiff, for the reason that the title as averred is in no respect inconsistent with the issue formed upon the denials of the particular deraignment set up in the complaint. It nowhere appears that the title affirmatively set up was derived from Jewett subsequent to the mortgage to Hambly, or that it was in any way subject to or affected by it. A valid title, derived by a conveyance from Jewett prior to the Hambly mortgage, would not be affected by it or give any cause of action against Taylor in an action to foreclose the Hambly mortgage merely. The foreclosure could only affect the title

mortgaged and those claiming subject to the mortgage. Neither the admissions of the pleadings nor the evidence affirmatively show any interest in or claimed by Taylor in any way subject to, or affected by, the mortgage. They fail to show any cause of action against him, and for this reason, if for no other, the action was properly dismissed as to respondent, Taylor.

I therefore concur in the affirmance of the judgment.

Mr. Chief Justice CURREY did not express an opinion.