# SUPREME COURT.

WILLIAM A. HAMMOND agt. WILLIAM P. EARLE and another.

*Defense — Allegation of want of sufficient and adequate consideration — Averment that contract is inoperative and void for want of — legal conclusion — Each of several separate answers must be regarded as if it stood alone — The rule of pleading recognized in such cases — Defense that plaintiff is not real party in interest is not available unless supported by facts pleaded like any other defense — Defense of recoupment available, if facts support it, whether pleaded for that purpose or otherwise.*

An allegation in an answer "that the contract set forth in said complaint is inoperative and void for want of a sufficient and adequate consideration therefor," is an allegation of a conclusion of law. It is necessary to aver the *facts* which would show that there was no sufficient and adequate consideration.

Each answer must, of itself, be a complete answer to the *whole* complaint, as perfectly so as if it stood alone. Unless, in terms, it adopts or refers to the matter contained in some other answer, it must be tested as a pleading alone by the matter itself contains. If it is not complete, in and of itself, it is insufficient in law and cannot be sustained by reference to the other defenses contained in the answer.

A defense that the plaintiff is not the real party in interest, is not available unless supported by facts pleaded like any other defense.

The defense of recoupment is available, if facts support it, whether pleaded for that purpose or otherwise. If the allegations in respect to that defense are not sufficiently definite and certain to enable the plaintiff to understand them, or to raise a clear and precise issue, the remedy by the plaintiff is by motion to make more definite and certain.

Where the facts alleged in the answer are sufficient to entitle the defendant to a recoupment of his damages, even if they are obscurely or vaguely set forth, the answer is not, for that reason, demurrable.

*Special Term, January,* 1880.

DEMURRERS to answers.

The complaint shows that defendant Earle held the bond of plaintiff for $12,000; also a mortgage on plaintiff's property, collateral to the bond; that Earle had proceeded to fore-

Hammond agt. Earle and another.

close, and had obtained and held a judgment or decree for the sale of the property mortgaged, and had advertised the property for sale under such judgment. In this condition of things defendant Ross arranged with plaintiff to purchase, if possible, the said judgment, bond and mortgage of Earle for the benefit of party Hammond ; the former to take the assignment and hold the title temporarily in his name, but for the benefit of party Hammond. The purchase-money was to be furnished in part by party Hammond, and the balance by party Ross. Party Ross succeeded in perfecting an agreement with Earle for the purchase, to which agreement plaintiff became a party, in the performance of which he participated by the payment of money and various other acts. The sale was adjourned by consent of parties, Earle and Hammond, pending negotiations relative to the assignment, and, finally, upon a day, and at a time and place agreed upon by all three parties, they met and the money, in legal tenders, made up by parties Ross and Hammond, was tendered to party Earle, and also a deed, in conformity with the agreement, prepared for Earle's signature, and presented with the tender of the money. Earle refused to assign or to receive the money, except on condition that he be allowed to retain the bond for the purpose of enforcing payment of a $1,000 bonus previously disallowed by the court on the trial. The question of the bonus was in issue at such trial, and the decision respecting it was adverse to Earle, the holder of the mortgage.

This suit is brought to enforce the agreement between Earle and Ross, and a decree for specific performance is asked, with damages for non-performance.

The defendant Earle interposes seven separate and distinct answers or defenses, so called.

The answers demurred to by Earle are as follows :

" 4th Defense. And this defendant, for a separate answer to said amended complaint, and as a fourth defense to the action of the plaintiff herein, on information and belief, says :

" That the contract set forth in said complaint is inoperative

and void for want of a sufficient and adequate consideration · therefor."

" 6th Answer. And this defendant, for a separate answer to said amended complaint, and as a sixth defense to said action, on information and belief, says :

" That William A. Hammond is not a party to the alleged contract or agreement between said Elmore P. Ross and this defendant, and is not the real party interested therein.

" That the said plaintiff is not a proper party plaintiff in this action, and has no right to sue this defendant on said alleged contract or agreement individually, or as the legal representative of said Ross."

" 7th Defense. And this defendant, for a further separate answer to said amended complaint, and as a seventh defense to said action, says :

" That he has suffered great loss, injury and special damage and expense in time and money by reason of the causeless and unjust litigation of the plaintiff in this·action, and has also suffered loss of interest and paid expense in consequence of delay in obtaining the amount due him on his said judgment occasioned by the plaintiff's illegal and unjust proceedings in said action to foreclose said mortgage after the recovery of said judgment therein.

" And this defendant demands affirmative relief in this action and a judgment against said plaintiff therein for said loss, damage, injury and expense in the sum of three thousand dollars."

To the fourth defense plaintiff demurred on the ground that it is insufficient in law upon the face thereof.

To the sixth answer on the same ground.

The demurrer to the seventh answer specified six grounds :

(1.) That the answer is insufficient as a defense. (2.) That as a counter-claim it is not of the character specified in section 501, subdivision 1 of the Code. (3.) That it is not of the character specified in subdivision 2 of section 501, Code. (4.) That two supposed causes of action or counter-claims are improp-

Hammond agt. Earle and another.

erly united. (5.) That there is another action pending for one of those claims. (6.) That no valid cause of action is stated.

*Chauncey B. Ripley*, attorney and of counsel for plaintiff demurring, in support of demurrer to fourth defense, urged the points following :

I. The answer is bad on demurrer, because, in averring that the contract is inoperative and void, it states no fact but a legal conclusion merely. Whether the contract referred to is " inoperative and void for want of a sufficient and adequate consideration " is a pure question of law, and one upon which the court alone could pass. The averment is, therefore, one of a conclusion of law, with no fact alleged in its support. Hence, the answer tenders no issue ; it admits of no evidence ; it would not support a verdict or a judgment. In pleading, such an averment is a mere nullity. Where, in an answer, the averment was, that the contract had no validity for want of consideration, it was held : the allegation is a conclusion of law merely, and clearly bad on demurrer. It was necessary to aver the facts which would show that (*Burrall* agt. *Bowen*, 21 *How.*, 380). To the same effect, and that such an averment is not issuable, but merely the inference or opinion of the pleader, see *Pomeroy's Remedies and Remedial Rights* (*p.* 570, *sec.* 531) ; and *Stephen on Pleading* (310 *and cases cited*).

II. The averment of mere inadequacy of consideration is entirely insufficient as a defense, (1) because inadequacy of consideration is never *per se* a defense in an action for specific performance, even if well pleaded ; (2) inadequacy is not well pleaded in this answer for any purpose ; the averment being a legal conclusion, supported by no fact, and merely the opinion of the pleader (*Pomeroy on Contracts, Specific Performance, p.* 269, *sec.* 10 ; *secs.* 192, 193, 194, *and cases cited*). (3.) And this answer is no defense in mitigation of damages, and is bad on demurrer in that aspect, because not therein distinctly stated that it is pleaded with that view and for that

purpose only; it must so appear on its face to be thus available in mitigation (*Fry* agt. *Bennett*, 5 *Sand.*, 54, 74 *and* 75).

III. A valuable consideration is admitted; for this answer does not deny the making of the agreements upon a valuable consideration, and, therefore, by the rules of pleading, those allegations are to be deemed admitted (*Burrall* agt. *Bowen*, 21 *How.*, 378, 381). Moreover it would be preposterous to say of this fourth answer, that it is a denial; for it assumes both the existence of the agreement and a consideration for the same; for, otherwise, inadequacy could not be predicated of it (*Gould on Pleading, p.* 366, *sec.* 34). This fourth answer is to be regarded as if it stood alone, complete in itself, and unaided by any of the other answers (*Baldwin* agt. *U. S. Tel. Co.*, 54 *Barb.*, 505, 517; *Swift* agt. *Kingsley*, 24 *Barb.*, 541), and the valuable consideration which it concedes, is, as matter of law, a sufficient consideration (*Benson* agt. *Couchman*, 1 *Code R.*, 119).

IV. The answer, as a whole, is bad for insufficiency, and the demurrer well taken on that ground. No triable, material issue is tendered. A valuable consideration is pleaded in the complaint; it is also admitted by the answer itself. That a valuable consideration is all that is required to support the agreement, and that the plea of inadequacy of consideration is ill, because a conclusion of law, are shown above. Such an answer is demurrable for insufficiency (*Gould on Pl., ch.,* 6., *p.* 330, *sec.* 96; *Code Civ. Pro., sec.* 495), and constitutes no defense. A demurrer to a supposed defense is well taken when the matter pleaded does not constitute a defense (*Merritt* agt. *Millard*, 5 *Bosw.*, 645, 652, *at foot of page*).

V. The answer in question is one confessing the agreement upon a valuable consideration alleged in the complaint, and seeking to avoid its operation by averring that the agreement is void and the consideration inadequate. In short, it is an answer confessing the matters alleged in the complaint and pleading in opposition thereto, and in avoidance other matter, new matter (*Gould on Pl., p.* 156, *chap.* 3, *sec.* 195).

Under the Code plaintiff may demur to an answer which sets up (*Code Civ. Pro.*, *sec.*, 494), or attempts to set up (*White* agt. *Drake*, 3 *Abb. N. Cas.*, 133, 134, *at foot*), or was intended to set up (*Rice* agt. *O'Connor*, 10 *Abb. Pr.*, 362, 364), or professes to set up (5 *Bosw.*, 645, 652) new matter as a defense.   To same effect see *Savage* agt. *Corn Exchange Fire Insurance Company* (4 *Bosw.*, 15 *at foot and* 16 *at top*), *Jackson* agt. *Whedon* (1 *E. D. Smith*, 142); and that the defense that plaintiff is not the real party in interest cannot be proved under a general denial, is distinctly held in 3 *Abbott's New Cases* (*supra*), *and cases there cited.*   And when such supposed new matter is insufficient in law upon the face thereof to constitute any claim or defense whatever the pleading is ill and demurrer is the remedy on the ground of insufficiency (*id.*), and the only proper remedy (*Fabricotti* agt. *Launitz* 3 *Sand.*, 743, 745).   Stating facts inconsistent with the complaint is not a denial.   Denial must be direct (*Wood* agt. *Whiting*, 21 *Barb.*, 190).

VI. This action is well brought, as respects the remedy asked, and the proper party is named as plaintiff.  (1) Specific performance lies to compel the assignment of a judgment, because there are many uses to which a judgment could be put which could not be estimated or measured in damages (*Phillips* agt. *Berger*, 2 *Barb.*, 608 ; *S. C., affirmed*, 8 *id.*, 527 ; *Williard's Eq. Jur.*, *p.* 275 ; *Adderly* agt. *Dixon*, 1 *Sim. & Stu.*, 607 ; *Hamblin* agt. *Dinneford*, 2 *Edw. Ch.*, 531 ; *Pomeroy on Contracts*, *pp.* 547, 548, *sec.* 486).  (2) And the remedy is available to the party for whose benefit the agreement is made, and he may enforce specific performance, whether privy to the consideration or not (*Lawrence* agt. *Fox*, 20 *N. Y.*, 268, *and cases following and affirming the doctrine therein established; Pomeroy on Conts.*, *sec.* 486).  (3) Moreover, plaintiff was in the attitude of a party to the agreement, by reason of his participation in the same, by reason of part performance, and because he was entitled to benefits realized or to be realized ; so held in a case almost precisely like the

present case (*Van Wagenen* agt. *La Farge, and Lahens*, 13, *How.*, 16, 17; *Pomeroy on Conts., p.* 548). (4) It was a new contract between the mortgagor and mortgagee, to which the proposed trustee, Ross, became a party. This new contract superseded and controlled the old contract defined and established by the decree or judgment (13 *How.*, 17, *supra*). (5) The remedy is under the new agreement, the agreement to assign the judgment (*Id*). (6) The promise of Earle to Ross would alone sustain this action in party Hammond's name as plaintiff (*Lawrence* agt. *Fox*, 20 *N. Y.*, 368), if he were not even privy to the consideration. But he was a party, and performed in part, and tendered full performance, and was to be benefited, and was, in fact, damaged.

VII. The statute of frauds does not operate to defeat or render void an agreement of this character, for want of written memorandum, for want of mutuality, or for want of consideration, since the courts do not undertake to enforce it specifically as a contract, but as the only means of restoring the plaintiff to all his rights (*McNeil* agt. *Call* 19 *New Hampshire, vol.* 8 [2*d. series*], 403, 415, 416; *Wheeler* agt. *Reynolds*, 66 *N. Y.*, 227, 233).

VIII. But the contract was in writing, was mutual, and was upon a valuable consideration, and embraced all the essential elements as defined by Comyn, and approved by the court of appeals (*Justice* agt. *Lang*, 42 *N. Y.*, 493, 494). Besides, it was partly performed, and full performance thereof tendered.

And in support of demurrer to sixth defense, the following:

I. The answer is bad on demurrer for the reason that no fact is stated, nothing but a conclusion of law. This court has recently held that precise proposition, and where the gist of the supposed defense was identical with the present (*White* agt. *Drake*, 3 *Abb. N. Cas.*, 133, 134, II, *and cases there cited;* *Russell* agt. *Clapp*, 3 *Code R.*, 65; *Bentley* agt. *Jones*, 4 *How.*, 204, 205; *Thomas* agt. *Desmond*, 12 *How.*, 321; *Brown* agt. *Ryckman, id.*, 314; *Seeley* agt. *Engell*, 17 *Barb.*, 537; *Jackson* agt. *Whedon*, 1 *E. D. Smith*, 142; *Savage* agt.

*Corn Exchange Bank, &c.,* 4 *Bosw.,* 15 *and* 16; *Pomeroy's Remedies and Remedial Rights, p.* 733, *sec.* 711 *and cases there cited).* And, too, in *White* agt. *Drake, and cases there cited,* the name of the alleged real party was given, making the case stronger for the defendant than the present. For aught that appears in this answer, plaintiff might have been a trustee of an express trust. The answer should have negatived that, too (*Thompkins* agt. *Acer,* 10 *How.,* 309). The answer, as it stands, admits of no evidence on the question of real party in interest (*Seeley* agt. *Engell,* 17 *Barb.,* 530).

II. The remedy of defendant is demurrer, and demurrer is his only remedy. Such is impliedly held (*White* agt. *Drake, p.* 135, 3 *Abb .N. Cas.*) in the allusion to *Tamasier* agt. *Cassard* (17 *Abb.,* 187), that there is simply enough in an answer of this character to put the plaintiff to his demurrer. Such an answer is not frivolous, because it is directed at an essential requisite to every action, to wit, that it must be prosecuted by the real party in interest. But facts alone are requisite to show that any given action is not so prosecuted.

IV. The allegations of the complaint are deemed admitted in this answer by the well-known rules of pleading, because they are not denied (*Burrall* agt. *Bowen,* 21 *How.,* 378, 381), and no fact is stated in the answer, inconsistent with any alleged fact in the complaint.

And in support of demurrer to seventh defense the following:

I. This answer is demurrable because it alleges no facts from which the court can infer, as matter of law, that the defendant has suffered damage. It is essential, in support of a claim for special damages, that the facts be stated from which damages can be inferred; but otherwise where the claim is for general damages, because in the latter case the law always presumes damages, while in the former case never. The distinction is drawn and the above proposition fully sustained by authority (*Thompson* agt. *Gould,* 16 *Abb.* [*N. S.*], 424, 427; *Solms* agt. *Lias,* 16 *Abb. Pr.,* 311; *Saunders on*

Hammond agt. Earle and another.

*Pleading and Evidence,* vol. 1. *p.* [136], *place, averment of damages).* On principal as well as authority this is so, for no incurred expense is shown by the answer as a basis for proving special damages. (1.) Expense of litigation is compensated by costs to the prevailing party. (2.) Loss of interest, too, is uniformly provided for in final judgment, it follows, as ·a matter of course to the prevailing party, at the legal rate and is the full measure of damages (*Sedg. on Damages* [374], 462). (3.) No damages result, by presumption, from any averment in this answer, nor is the absence of essential facts supplied by the formal statement, " in consequence of " which is an inference of the pleader (*Gould* agt. *Allen,* 1 *Wend.,* 182). (4.) This is not one of those cases, like a breach of contract for example, which imports nominal damages ( *Wills* agt. *Simmons,* 8 *Hun,* 202 ; *Saunders Pl. and Ev.,* supra).

II. Respecting the character of the objectionable litigation no issuable fact is stated in the answer, only legal conclusions. There is nothing which would support a judgment or uphold a verdict, even if default were made by plaintiff and no reply interposed. (1.) Whether the litigation has been " causeless and unjust," or otherwise, is a question of law for the court, and the inference of the pleader thus declared avails nothing in pleading. " What plaintiff did or did not must be shown by averment of fact " (*Mills* agt. *Gould,* 1 *Abb. N. Cas.,* 93, 97). (2.) And even if the litigation were shown by averment of facts to have been causeless and unjust, it would then be incumbent upon defendant to show by further issuable averments that it was, as matter of fact, thus " by reason of " some actionable conduct on plaintiff's part. No such fact appears on the face of the answer, only an assertion, the bare say so of the pleader. That the " great injury suffered " was in fact by reason of litigation is not based upon any thing beyond such assertion itself (*The Commercial Bank of Rochester* agt. *The City of Rochester,* 41 *Barb.,* 341).

III. Another fatal defect in this anomalous answer, is absence of any averment of *scienter.* That defendant

engaged in causeless and unjust litigation with plaintiff is not enough. It must be further shown that he knew the litigation to be causeless and unjust. This he has not done. He cannot, therefore, under his answer, prove *scienter*, and demurrer lies (*Waterman* agt. *Freeman*, 1 *Hobart's Reports*, 434, 444, *at foot*). This is so, on principle, too; for, in every case of litigation, one of the contending parties fail; and yet to sue and defend is lawful, and courts are established by law to the end that parties may litigate. The presumption is that they have probable cause for their contentions in these tribunals, and the burden is on the party claiming damages to show bad faith on the part of his adversary; that he knew he had no cause of action or defense (*Compare Smith* agt. *Hayes*, *Irish Reports*, 1 *C. L.*, 333; *Besson* agt. *Southard*, 10 *N. Y.*, 236).

IV. The answer is insufficient as a whole. There is not a solitary, material, issuable fact stated in this answer, available either as a defense or a counter-claim. Nothing but legal conclusions, asserted inferences, and deductions of the pleader. And it is so apparent, upon the face of the paper itself, that no argument, or even analysis, is needed, in view of our Code and rules of pleading. Facts alone are available; issuable, material facts; facts, the denial of which tenders an issue; the admission of which would entitle the pleader to a judgment, or render the matter available as a defense. No such matter is present in this seventh answer; it is wholly insufficient under the Code, for any purpose (*Code*, sec. 494, sec. 481).

V. Two supposed causes of action are improperly united, to wit: (1) one for damages for litigation in this action; (2) another for damages in an action to foreclose. Defendant demands $3,000 damages in both. The Code requires each cause of action to be stated separately. The same rules apply to a counter-claim as to a complaint. That this seventh answer is, as pleaded, intended as a counter-claim, by reason of the characterizing mark, to wit, demanding an affirmative

judgment, is well settled in our practice (*Pomeroy on Remedies and Remedial Rights, pp.* 769, 770 *and cases there cited*). And this is so, even in cases where the matter pleaded is called a defense but, also, demands affirmative relief; the demand for damages and the nature of the relief indicated control rather than the mere designation (*Id.; Wilder* agt. *Boynton*, 63 *Barb.*, 547). To one there may be a defense not common to the other. Moreover, one may arise from the transactions set forth in the complaint, and may be litigated with it in the same action; while the other may arise out of some other transaction, and be irrelevant to any issue involved. The supposed cause of action arising, as alleged, out of said action to foreclose, cannot be properly joined with the one alleged to arise out of this action, because the transaction of foreclosing a mortgage in one action, and that action not described, nor even named, as to title, cannot be assumed to be the same transaction as the present action. It does not appear who the parties were in the former suit, nor is it intimated that they were the same, as matter of fact. The demurrer is well taken under this point (*Code of Civ. Pro.*, *sec.* 501, *subd.* 1). The subject of the first action is the foreclosure of the mortgage; of the second, the assignment of the mortgage (*Code of Civ. Pro.*, *sec.* 501 [1] ).

VI. Moreover, defendant Earle in admitting, by not denying (*Burrall* agt. *Bowen*, 21 *How.*, 378, 381) the allegations of plaintiff's complaint, among others, the making of the agreement referred to therein; the breach of the same; and his own bad faith in attempting to extort a bonus, so adjudged to be by the court, as a condition for fulfilling his own obligation, has conceded both the legality and justice of plaintiff's case, and the defenselessness of the very answer under consideration. The answer, therefore, charging plaintiff's litigation herein to be causeless and unjust, has nothing whatever to uphold it, on defendant's admission itself, and falls of its own weight. As a defense, the answer is insufficient, *in toto*, upon its face, as to this action. The same is true as to the

Hammond agt. Earle and another.

action to foreclose, so far as any allegation of the complaint identifies it with the action referred to by defendant Earle in his seventh answer.

*J. M. Martin,* attorney and of counsel for defendant Earle, in opposition, submitted the following : The complaint is demurrable ; the action is not well brought by Hammond (*The People* agt. *Booth,* 32 *N. Y.,* 397, 398 ; *Stoddard* agt. *Onondaga Annual Conference,* 12 *Barb.,* 573 ; *sec.* 499 *Code Civil Pro. ; The Merchant's Mutual Ins. Co.* agt. *Eaton et al.,* 11 *Leg. Obs.,* 140 ; *Ripley* agt. *Astor Fire Ins. Co.,* 17 *How.,* 444 ; *Ennis* agt. *The Harmony Fire Ins. Co.,* 3 *Bosw.,* 516 ; *Killmore* agt. *Culver,* 24 *Barb.,* 656 ; *Hays* agt. *Hathorn et al.,* 74 *N. Y.,* 486 ; *Greaves* agt. *Gouge,* 69 *N. Y.,* 154 ; *Hasbrouck et al.* agt. *Bunce et al.,* 62 *N. Y.,* 475 ; *Springer* agt. *Dwyer,* 50 *N. Y.* 19 ; *Barber* agt. *Kerr,* 3 *Barb.,* 149 ; *Leonard* agt. *Huntington,* 15 *John.,* 236 ; *Savage* agt. *The Corn Exchange Fire and Inland Navigation Ins. Co.,* 4 *Bos.,* 2 ; *Smith* agt. *Hall,* 67 *N. Y.,* 48 ; *Ives* agt. *Van Epps,* 22 *Wend.,* 154, 155 ; *Dodge* agt. *Tileston,* 12 *Pick.,* 328, 329 ; 13 *Ala.,* 587 ; 20 *Mo.,* 433 ; 48 *Ill.,* 54).

LAWRENCE, *J.*— The demurrer to the fourth defense must be sustained. No reference is made, in the subdivision of the answer in which that defense is alleged, to the matters averred in the other parts of the answer. In *Baldwin* agt. *The United States Telegraph Company* (54 *Barb.,* 517), POTTER, J., in delivering the opinion of the court, says : " By the well-settled rules of pleading each answer must of itself be a complete answer to the whole complaint, as perfectly so as if it stood alone. Unless in terms it adopts or refers to the matter contained in some other answer, it must be tested as a pleading, alone by the matter itself contains " (*See, also, Swift* agt. *Kingsley,* 24 *Barb.,* 541). The defense to which this demurrer has been interposed does not refer to any other defense in the answer, nor to any of the allegations of fact

Hammond agt. Earle and another.

contained in other defenses. If it is not complete in and of itself, it is, therefore, insufficient in law, and cannot be sustained by reference to the other defenses contained in the answer. Tested by this rule the fourth defense is clearly bad, because no facts are averred, simply the conclusion of law that the contract alleged in the complaint is inoperative and void for want of a sufficient and adequate consideration therefor (*See Burrall* agt. *Bowen*, 21 *Howard*, *p.* 378, *per* LEONARD, J.; *White* agt. *Drake*, 3 *Abbott*, *N. C.*, *p.* 134 *and cases cited per* BARRETT, J.). The demurrer to the sixth defense, under the rule referred to, must also be·sustained. As to this defense the case of *White* agt. *Drake* (3 *Abbott's New Cases*, *p.* 133) is directly in point. But I am of the opinion that the demurrer to the seventh defense should be overruled. If the allegations in respect to that defense were not sufficiently definite and certain to enable the plaintiff to understand them or to raise a clear and precise issue, the remedy by the plaintiff, is by motion to make more definite and certain. In *Springer* agt. *Dwyer* (50 *N. Y.*, 19) the court of appeals held that where the answer alleges facts sufficient to constitute a defense of recoupment, it is not necessary for the defendant to state what he will rely upon, and if he so states, he will not be precluded from insisting upon any defense which the facts alleged will justify. The facts alleged in the seventh defense are sufficient to entitle the defendant to a recoupment of his damages, and even if they are obscurely or vaguely set forth, the answer is not for that reason demurrable. As the defendant has partially succeeded on the demurrers, he should be allowed to answer without payment of costs. Ordered accordingly.