Reed, P. J.,
delivered the opinion of the court.
The only question presented is whether the judgment of the court in allowing the motion for judgment upon the pleadings was correct.
The fact is established by the pleadings that defendant delivered notes to the plaintiff of sufficient amount, if good, together with the $639.21 paid in cash, to discharge the indebtedness; that of the notes, one for $5,000 was paid, leaving about $5,000 unpaid; also that Ferguson, president of the defendant, acting for the plaintiff, hypothecated the other four notes with the First National Bank as collateral security and obtained money for the plaintiff; that such notes had not been paid, and that the maker was insolvent.
The fact stated in the pleading and relied upon bjr counsel of defendant that plaintiff had converted the notes to her own use, and “ had not tendered them back,” I consider of no legal importance in establishing the allegation that the notes were taken in payment and full, satisfaction. It has long been regarded as legal that a holder could rehypothecate securities of that kind held as collateral, and so long as they were used as collateral only, and were not sold and *209 passed beyond the control of the pledger, there was no conversion, and it still remained collateral.
The defendant alleges that the notes were received by the plaintiff in full satisfaction and discharge of the indebtedness. The plaintiff denies that they were so received, and alleged that they were received as collateral security.
Here is a clear and well defined issue of fact to be determined upon trial. It seems that no ground for the motion for judgment was stated by counsel, and no reason given by the court for sustaining it. Counsel assumes in argument, that probably the court’s judgment was based upon the concluding clause of the replication, — “If the said promissory notes or any other securities were ever accepted by plaintiff in payment of the said deposit or any part thereof , p>laintiff was induced to accept the same in ignorance of the effect of her action and solely by the fraudulent misrepresentation of the said Fergusonthat the court regarded it as an admission that the securities were received in payment and discharge. The paragraph is indefinite and equivocal to a certain extent, but, when taken in connection with former allegations, cannot be regarded as an admission, but rather as an unfortunate use of words to convey a meaning. The only meaning that can be imputed to it is that, if it was in law and fact a pajnnent, she at the time was ignorant of the fact, and the result was obtained through the fraud and imposition practiced by Ferguson, and not by her contract, consent or knowledge. This meaning can be fairly inferred from the language used, and, by giving it that construction, it is in harmony with the balance of the replication. If it does not mean that, it means nothing, as the language used, giving it its broadest significance, cannot be construed as a direct admission of any fact. Boone on Code Pleading, sec. 105-109; Siter v. Jewett, 33 Cal. 92; Nudd v. Thompson, 34 Cal. 39; Rice v. Bush, 16 Colo. 484; Vanderbilt v. Schreyer, 28 Hun (N. Y.) 537; Swift v. Kingsley, 24 Barb. (N. Y.) 541; Robins v. Maidstone, 4 Q. B. 811.
It follows that regardless of the supposed concession or *210 admission, the issue of fact as to what the transaction was should have been tried, and that the court erred in its judgment for the defendant upon the pleadings, and that the judgment must be reversed.

Reversed.