(28 App. Div. 374.)

### HOES v. NAGELE.

(Supreme Court, Appellate Division, First Department. April 22, 1898.)

1. EVIDENCE—ADMISSIONS IN ANSWER.

The rule that a plaintiff who relies upon admissions in the answer as dispensing with proof must take all the admissions together, does not apply to all the admissions contained in several separate defenses, but only to those contained in the same defense with the admissions upon which he relies.

2. BREACH OF CONTRACT—EVIDENCE.

In an action by an administrator to recover a sum of money, the complaint alleged that it was paid by decedent to defendant upon the latter's agreement in writing to give decedent a home in his own family for her life, and "to return the above amount to her if she finds my own family or home not congenial," and that thereafter defendant compelled her to leave his home, but did not return the money on demand. Defendant admitted all these allegations, but further alleged in defense that he was obliged to compel her to leave by reason of her disorderly conduct. *Held*, that defendant thereby admitted a breach of the contract on his part, and furnished no adequate excuse.

3. WITNESS—COMPETENCY—TRANSACTION WITH DECEDENT.

Under Code Civ. Proc. § 829, excluding the testimony of certain persons, as against the executor of a deceased person, concerning personal transactions between the decedent and the witness, the examination of a witness as to the genuineness of his signature to a paper does not involve a personal transaction so as to open the door to an inquiry as to the circumstances under which the paper was executed.

Appeal from trial term.

Action by William M. Hoes, public administrator, as administrator of Julia Graves, against Charles Frederick Nagele. From a judgment on the verdict directed by the court, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

O. P. Buel, for appellant.

F. W. Arnold, for respondent.

RUMSEY, J. The complaint alleged substantially the death of Mrs. Graves intestate, and that letters of administration were issued to the plaintiff. It set up then that on the 30th of October, 1895, Julia Graves and the defendant entered into an agreement, of which the following is a copy:

"October 30, 1895.

"This is to certify that I, the undersigned, received from my aunt, Julia Graves, $1,000 in hand paid, in consideration of which I am to make my home her home for the rest of her natural life. I have agreed of my own free will to return the above amount to her if she finds my own family or home is not congenial to her.

"[Signed]                                   Charles Frederick Nagele."

And that Mrs. Graves paid the defendant $1,000 in pursuance of that agreement; and the complaint then contained an allegation that the defendant neglected to make his home a home for Mrs. Graves, although she was willing to live there, and compelled her to leave his home, and find a home elsewhere; and that the $1,000 was not returned by him to her; and demanded a judgment for that sum, with interest.

The answer contains three defenses. The first admits the delivery of the paper set out in the complaint; that Julia Graves paid the defendant $1,000, and made her home with him, and was willing to do so; and admits that he compelled her to leave his home on the 8th of November, 1895, and find a home elsewhere, as he was obliged to do by reason of the disorderly conduct of said Julia Graves. He admits that the $1,000 was never returned to her by him, and that it was demanded by the plaintiff. The second defense sets up substantially the agreement as construed by the defendant, and what was done under it, alleging that the facts together constitute a defense. The third defense sets up as a counterclaim the board and lodging furnished to Julia Graves for a time. Upon the trial the plaintiff proved the execution of the paper set out in the complaint, and that it was found among the effects of Mrs. Graves after her death, and then rested, whereupon the defendant moved to dismiss the complaint on the ground that the plaintiff had failed to prove any breach of the agreement as

alleged in the complaint. This motion was denied, and the defendant excepted. Thereupon the defendant gave evidence that Mrs. Graves boarded and lodged in the family of the defendant for 20 weeks; value of that board and lodging; that sum, amounting to $160, was credited upon the claim of the plaintiff, and the court thereupon directed the verdict for the difference, to which the defendant excepted, as he also excepted to a denial of his request to be permitted to go to the jury.

The defendant claims upon this appeal that the court erred in refusing to dismiss the complaint, because no breach of the contract had been shown. It is not denied that the defendant substantially admits in the answer the making of the contract, and that he refused to perform it, but he claims that that admission must be taken in view of all the other allegations of the answer, and that, taken altogether, the answer substantially set up a defense. The answer contains three separate defenses. The plaintiff relies upon the admissions of the answer as admissions of record, and not as evidence, because the answer was not offered in evidence by him. As he relies upon the admissions, of course he must take all the admissions together, but that rule does not apply to all the admissions in the three several defenses. Each defense in the answer stands by itself, and each one must be construed as a separate answer, and the plaintiff, by accepting and relying upon the admissions of the allegations in the complaint which are contained in the first separate answer, does not put himself in the position of admitting anything that is contained in the second and third answers. Code Civ. Proc. § 507; Swift v. Kingsley, 24 Barb. 541. Indeed, these are not admissions at all, but they are allegations of other facts, which, it is alleged, constitute separate defenses. But the admissions in the first answer must all be taken together undoubtedly. Thus taken, they establish that the defendant refused to perform the agreement which he had made, for reasons which are alleged therein. If the existence of these reasons is also taken as admitted, the question is then raised whether those reasons constitute a defense to the agreement. It is quite clear that they do not. The agreement was absolute. Mrs. Graves was to be permitted to make her home at the defendant's house if she desired to do so. As long as she did that, and was permitted to do it, the agreement was performed. If she was not permitted to do it, or did not see fit to do it, the agreement was at an end. It did not lie in the defendant's mouth to say that for any reasons he could substitute another dwelling place for the one which he had agreed to give her; and, if he attempted to do so against her will, he violated the contract. Therefore, taking all the first defense together, and giving due weight to all the admissions and allegations in it, it admits a violation of the contract on the part of the defendant, and does not set up any sufficient excuse therefor, and the plaintiff was entitled to stand on those admissions to enable him to make out his cause of action. It must be remembered that no question is made here as to the measure of damages, and no such question was presented to the court, but it was assumed by both parties without objection that, if the plaintiff established a violation of the contract, he was entitled to a judgment for the return of the money. With the correctness of that

assumption we have nothing to do, but the case must be determined in view of that assumption, and upon the theory that, if the plaintiff made out a cause of action, he was entitled to a judgment for the $1,000. We are quite clear that the cause of action was made out.

But it was claimed that there was a fatal error in the admission of evidence. The defendant was called as a witness by the plaintiff. He was shown the paper upon which the action was brought, and testified that the signature to it was his, and then, upon cross-examination, he was asked whether, as a matter of fact, Mrs. Graves came to his house pursuant to or under that paper, or, as a matter of fact, on the 30th of October, the date of that paper, whether Mrs. Graves paid him $1,000, or any sum of money. These two questions were objected to on the ground that the witness was incompetent under section 829 of the Code of Civil Procedure, and, this objection having been sustained, the defendant excepted, and now insists upon this ruling as a fatal error to reverse the judgment. That the answers to the questions involved a personal transaction with Mrs. Graves is not disputed, but it is claimed that the plaintiff, by asking the defendant whether the signature to the paper was his handwriting, had opened the door for examination as to the circumstances under which the paper was given. In this claim the defendant is clearly in error. It is hardly necessary to discuss the matter upon principle, because it has been more than once decided in this court in reported cases. The precise question was presented to the supreme court in the third department in the case of De Verry v. Schuyler, 8 N. Y. Supp. 221, in which it was held that examining a witness as to the genuineness of his signature did not involve a personal transaction between himself and the testator so as to open the door to an inquiry as to the circumstances under which the paper was delivered. The same thing was held in Bank v. Leach, 37 Hun, 336, and Evans v. Ellis, 22 Hun, 460. On the authority of these cases the ruling at the trial term was right.

The judgment therefore should be affirmed, with costs. All concur.