MacMILLAN, HUGH, Associate Judge.
This appeal involves a suit against the maker by an administrator of the estate of the decedent payee on four promissory notes marked “L.S.” in ink after the maker’s signature. Three notes were dated in 1949, of which two were payable 60 days after date and the third 1 year after date. The fourth note was dated September 20, 1950, and was payable 2 years after date. Suit was filed on October 19, 1964, requesting a trial by jury and alleging the notes were under seal. In his answer, the defendant-maker admitted executing the notes, but denied they were under seal when he executed them and asserted that any action thereon is barred by the statute of limitations.
In the trial, the application of the “Dead Man’s Statute”, F.S.A. § 90.05, was raised as to the admissibility of testimony by the maker as to whether the notes were under seal when executed. The trial court permitted such testimony on the theory that, if the genuineness of signatures thereto were questioned, such testimony would not be barred, and, thus, a similar rule should apply to the question of the validity of seals on the notes. Testimony was also admitted to the effect that the maker did not sub *564 sequently have knowledge of the seals on the notes nor did he authorize anyone to make such notations after his signature. If the notes were under seal, the same would then be a specialty and the statute of limitations of 20 years would apply under F.S.A. § 95.11(1), and if not under seal, then the 5-year statute of limitations would apply under F.S.A. § 95.11(3).
The jury found for the defendant, and the plaintiff-administrator (appellant) first appealed to the Florida Supreme Court, and thereafter the case was referred to this court for disposition. We affirm.
The Supreme Court of Florida in the case of Small v. Shure, Fla. 1957, 94 So.2d 371, 375, held that testimony concerning the signature of a party was an external matter and was not subject to the prohibitions of the “Dead Man’s Statute”. In this case the following is stated:
“The signature of defendant is an external matter which has existence unrelated to any transaction or communication between defendant and deceased. The defendant properly testified that a writing exhibited to her was her own signature. This matter was not within the statute.”
35 Fla.Jur., Witnesses, § 93, p. 214. See also Gerlach v. Donnelly, Fla.1957, 98 So.2d 493, holding in a suit to cancel notes by the maker against the personal representative of the estate of the deceased payee that direct testimony concerning fraud and delivery of notes was not barred under F.S.A. § 90.05, although testimony as to payment is barred as a transaction within the statute. Broward National Bank of Fort Lauderdale v. Bear, Fla.App.1961, 125 So.2d 760, 84 A.L.R.2d 1352.
Since testimony is not barred as to the matter of signature under the “Dead Man’s Statute?’, the question presented is whether this exception may also apply to testimony regarding the existence of a seal on an instrument and to rebut any presumption of the apparent validity of a seal as it appears on the face of an instrument. We hold likewise that the testimony as to the seal or lack of a seal is so closely related to the matter of signature that testimony on this question also is not barred by F.S.A. § 90.05.
It would appear that in ancient days the presence of a seal added dignity to an instrument and that seals were in fact used as .or in place of signatures at a time when each man had his signet. The letters “L. S.” are defined as an abbreviation for “locus sigilli”, the place of the seal, i. e., the place where a seal is to be affixed or a scrawl or scroll which stands instead of a seal. Black’s Law Dictionary, Fourth Edition, p. 1014; 79 C.J.S. Seals § 1 et seq.; 47 Am.Jur., Seals, § 1 et seq.; 29 Fla.Jur., Seals and Sealed Instruments, § 1 et seq.; F.S.A. § 695.07 and § 695.08; Langley v. Owens, 1906, 52 Fla. 302, 42 So. 457.
As state4 above, under F.S.A. § 95.11(1) and (3) the presence or lack of a seal determines an instrument’s status under the statute of limitations. Wester v. Rigdon, Fla.App. 1959, 110 So.2d 470. Both the Negotiable Instruments Law, F.S.A. ch. 674, and the Uniform Commercial Code, F.S.A. § 673.3-113, provide that negotiability is not affected even though the instrument is under a seal. 4 Fla.Jur., Bills, Notes and Checks, § 22.
In the case of Leek v. Wieand, 1949, 2 N.J.Super. 339, 63 A.2d 828, it was held, with reference to a promissory note and the applicable “Dead Man’s Statute” of the State of New Jersey, that testimony concerning the physical appearance of an instrument does not violate the “Dead Man’s Statute”. See also DeVerry v. Schuyler, 1889, 54 Hun 639, 8 N.Y.S. 221; Hoes v. Nagele, 1898, 28 A.D. 374, 51 N.Y.S. 233; 97 C.J.S. Witnesses § 227(6) (a), p. 699; 8 A.L.R.2d 1094.
The remaining questions concerning the trial court’s denial of the plaintiff’s requested instructions and the necessity of proof by competent testimony of the rea *565 sonableness of attorneys’ fees in a suit on notes providing for such fees reflect no error on the part of the lower court.
Counsel for appellee failed to file a brief in the appellate court as required by Appellate Rule 3.7(b), 31 F.S.A. Consequently, although he appeared to argue on behalf of the appellee, he forfeited his right to argue under said rule and was precluded from presenting oral argument.
Accordingly, the judgment is affirmed.
WALDEN, C. J., and CROSS, J., concur.