THE PEOPLE OF THE STATE OF NEW YORK, Respondents, v. JAMES W. BOOTH and others, impleaded, &c., Appellants.

On demurrer to the answer for insufficiency, the defendants may attack the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

The People of the State, to maintain an action, must show an interest in the subject matter of the litigation.

Describing, in the complaint, the property which is the subject matter of the action, as belonging to the city of New York, does not assert such a title or interest in the property as to enable the People to maintain such an action.

THIS is an action to restrain the defendants from intermeddling with the property pertaining to the fire department of the city of New York. The plaintiffs allege that said property belongs to the corporation of the city of New York, and is in the possession and control of the fire department of the city and its chief engineer; that the appellants are wrongfully seeking to obtain the possession, management and control of such property, without the consent of the corporation, or of said chief engineer, and will succeed in doing so unless restrained by injunction. The complaint prays a perpetual injunction, restraining the appellants from meddling with, or receiving said property, and the other defendants from deliv ering it to them. The appellants answered, alleging, in substance, their appointment as commissioners, under the act of the legislature entitled "An act to create a metropolitan fire district of the State of New York, and establish a fire department therein," passed March 30, 1865, and their title as such commissioners to take possession and control of the fire department, and property mentioned in the complaint. To this answer the plaintiffs demurred for insufficiency.

The plaintiffs had judgment on the demurrer at the Special and General Terms of the Supreme Court of the first district; and the appellants brought this appeal therefrom.

W. *Hutchins* and *W. F. Allen*, for the appellants.

*John Cochrane*, Attorney-General, and *W. H. Evarts*, for the respondents.

DAVIS, J. On demurrer to an answer for insufficiency, the defendants are at liberty to attack the complaint on the ground that it does not state facts sufficient to constitute a cause of action. (8 How. 261; 12 Barb., 573; Code, §§ 144, 148.)

The property described in the complaint is alleged to belong to the city of New York, in its corporate capacity. The plaintiffs assert no title or interest in the property or right to its possession or control. By what right they intervene to bring this action is not apparent; and there is no principle or precedent upon which their claim to do so can be upheld.

The corporation of the city of New York has abundant capacity to maintain suits to defend its property and possession; and it is questionable whether any lack of diligence in the exercise of this part of its powers, has ever been manifested. But however wanting in energy its spirit of litigation may be, the plaintiffs are not called upon to incite the city to activity, nor to become the voluntary champion of its wrongs, whether real or imaginary. The People of the State, like all other parties to actions, must show an interest in the subject matter of the litigation, to entitle them to prosecute a suit, and demand relief. This they have utterly failed to do in this case, and, for that reason, the complaint ought to have been dismissed by the courts below.

The question of the constitutional validity of the act under which the appellants were appointed metropolitan fire commissioners, is not properly raised for our consideration in this case. It has been fully disposed of in *The People* v. *Pinckney*, (*ante*, page 377,) and the right of the appellants to exercise that office, and possess and control the property described in the complaint in this case, is there fully adjudicated.

The judgment appealed from is reversed, and judgment rdered for the appellants on the demurrer.