# SALT LAKE COUNTY AND TERRITORY OF UTAH, APPELLANTS, v. ROBERT J. GOLDING ET AL., RESPONDENTS.

1. AMENDMENT—BRINGING IN NEW PARTIES BY.—When a demurrer to a complaint is sustained, and a general privilege is given to amend, new parties cannot be substituted by way of amendment; they must be brought in by an order of the court amending the complaint in this respect.

2. STRIKING AMENDED COMPLAINT FROM FILES.—When, under a general privilege to amend the complaint, the only amendment consists in substituting new parties to the suit, without an order of the court, such amended complaint, on motion, will be stricken from the files.

3. THE RIGHT OF A COUNTY TO SUE.—Where the Legislature creates a county, defines its boundary, and grants it certain rights and powers, it is clear that it was the legislative intent that such county should act in a corporate capacity—the right to sue is a power incident to such corporation, and without which it could not carry into full effect the powers given it.

4. PARTIES—SUIT OF TAX COLLECTOR'S BOND.—In an action on a tax collector's bond, for his neglect or refusal to pay over to the treasurer taxes collected, as provided by the Revenue Act, the County Court, and not the county, is the proper party plaintiff.

5. MISJOINDER OF PARTIES PLAINTIFF.—The County of Salt Lake and the Territory of Utah cannot unite in a suit for the recovery of money belonging to each as a separate corporation, or to the one to the exclusion of the other. The title to and ownership of the money sought to be recovered, must determine the right of action—as well as to who is a proper party plaintiff.

6. OFFICIAL BONDS OF ASSESSOR AND COLLECTOR.—Under the provisions of sections 344 and 347, of the Compiled Laws, it is the duty of the assessor and collector to give two official bonds, one to the Territory and one to the county for which he is acting.

Appeal from the Third Judicial District.

On the 9th day of February, 1877, "The People of Salt Lake County, for the use of themselves and for the use of the people of the Territory," as plaintiffs, commenced an action in said District Court against Robert J. Golding, William

Salt Lake County and Territory of Ut h v. Robert J. Go'ding et al.

Howard, H. P. Kimball, and H. S. Beatie, for the sum of $11,911.22, for moneys alleged to have been collected by said Golding, as Tax Collector of Salt Lake County, for the year 1875, and which sum he failed to pay over to the Territorial Treasurer, the same being the taxes due to said Territory. The action was on the official bond of said Golding, which is in words and figures following, to-wit:

"Know all men by these presents, that we, Robert J. Golding, of Salt Lake City, in the County of Salt Lake, and Territory of Utah, as principal, and William Howard and H. P. Kimball, of Salt Lake City, in the county and Territory aforesaid, as sureties, are held and firmly bound unto the people of Salt Lake County in the penal sum of eighty-five thousand dollars, lawful money of the United States, for the use of whomsoever it may concern, for which sum well and truly to be made, etc., binding themselves, heirs, executors, etc.  *  *  * Executed at Salt Lake City, January 7, 1875.  *  *  *

"The conditions of the above obligations are such that, whereas the above bounden Robert J. Golding was, on the 31st day of December, A. D. 1874, appointed assessor and collector for Salt Lake County for the year 1875. Now, if the said Robert J. Golding shall well, truly and justly perform all the duties enjoined on him by virtue of his office, then this obligation is to be void and without effect, otherwise to be and remain in full force and virtue.

"In presence of
    A. Dewey        (Signed)
       and              ROBERT J. GOLDING. [L. S.]
    I. Ivins.         · WILLIAM HOWARD. [L. S.]
                        H. P. KIMBALL,   [L. S.]
                        H. S. BEATIE."

Defendants demurred to the complaint upon various grounds, among others, defect of party plaintiff, misjoinder of causes of action, and that the complaint was not sufficient in law. The demurrer was sustained, and leave given plaintiff to file amended complaint. On April 21, 1877, plaintiff

filed what purported to be an amended complaint in the name of "Salt Lake County" and "Territory of Utah," as plaintiffs, against the above-named defendants.

June 27th, on motion of defendants, the court ordered that the amended complaint be stricken from the files of the court. From said last order the plaintiffs appealed.

*Snow & Snow*, attorney for appellants

*First*—As the court is not advised as to upon what grounds the demurrer prevailed in the court below, the order is sufficiently broad to warrant a change of parties.

The change by amendment has not been so much a difference, or adding to of parties, as it is a change in the names of, or a change in the character in which the parties appear. Neither has there been a change or substitution in the causes of action.

We see no objections to adding a cause of action of the same nature, (an amendment having been permitted,) when the parties have appeared generally and pleaded; and we submit if this objection (if objection it be,) has not been waived by the acceptance of the amended complaint. See Pr. Act, §§ 68, 70, 71.

*Second*—Now as to the right of the county to sue. Conceding for a moment that the other alleged defects have not been well taken, the fact that the counties, by their officers, are made the agents or trustees, as it were, of the Territory, in the assessment and collection of its taxes; and furthermore, as they are the joint obligees in the bond, gives them sufficient interest in the result of this suit to entitle them to be joined in it, which should dispose of the second cause of demurrer. *Taylor et al.* v. *Cannon et al.*, decided at *nisi prius*, Third District.

*Third*—As to the corporate existence of plaintiffs, either as "Salt Lake County" or "The People of Salt Lake County," and their right to sue, it being conceded that there is no express provision of statutes on either of these points, we say,

21

The act of June 10, 1866, creates "Salt Lake County" and defines its boundaries. Com. Laws, § 154, p. 116.

County officers are provided for; duties imposed on them. (Com. Laws, 123; Act of Jan. 8, 1866.) The term County, the object and great utility of this political subdivision are so generally understood, the duties which by its officers it is obliged to perform—all permit of the implication that the legislature intended corporate existence, or at least to give them a *quasi* corporate character. *Price* v. *Sacramento*, 6 Cal. 255; Angell & Ames on Corp. 20–22, §§ 23, 24; 2 Kent's Com. 12 ed. 278; 1 Dillon Mun. Corp. 81, § 9; *Ibid.* p. 94, § 10: *Ibid.* p. 95, note 1; Cooley's Const. Lim. 240; *School District* v. *Wood*, 13 Mass. 192; *Todd* v. *Birdsall*, 1 Cowen, 260; *Jansen* v. *Ostrander*, 1 Cowan, 670.

Official bonds are conditioned upon faithful performance of duty. If now, on a breach of this duty—the county being the sufferer and the only proper obligee—cannot sue, being authorized to take, then this provision of the statute becomes nugatory. The giving of the bond is farcical. See *Steel* v. *Davis County*, 2 Iowa, (Green,) 470; Angell & Ames on Corp. p. 20, §§ 23, 24; *Justices, etc.,* v. *Armstrong*, 3 Dev. (N. C.) R. 284.

*Tilford & Hagan* and *Williams & Young*, attorneys for respondents.

Under our system an action must be prosecuted in the name of the real party in interest. Pr. Act, § 4.

The complaint is radically defective in many points, among which we insist:

*First*—That the "People of Salt Lake County" and the "Territory of Utah," if corporate bodies at all, cannot join in an action to recover moneys due to each, as separate corporations.

*Second*—The County of Salt Lake has no authority to sue as such.

*Third*—The Territory of Utah is nowhere given the right to sue.

Salt Lake County and Territory of Utah v. Robert J. Golding et al.

*Fourth*—The causes of action are distinct, and cannot be united in the same complaint.

*Fifth*—The bond itself is void upon its face, having no obligee named, and not otherwise made to conform to law.

The people of a county cannot sue or be sued as such. *The People, etc.,* v. *Meyers,* 15 Cal. 33.

The "People of a Territory" have no such relation to a county as to permit the former to sue in its own name, where the latter is the real party in interest. *People* v. *Ingersoll,* 17 Am. R. 178; *People* v. *Booth,* 32 N. Y. 397.

The demurrer having been sustained, the plaintiffs seek to amend by changing the names of plaintiffs, and bring a new action by way of an amended complaint. This is stretching amendments too far.

There has been no order made in this cause allowing a change of parties.

That the plaintiffs in this action have no right to sue, is certainly no fault of the defendants.

The Legislature, and not the courts, must correct the evil if any exist.

EMERSON, J., delivered the opinion of the court:

The suit was originally commenced in the name of "The People of Salt Lake County, in the Territory of Utah, for the use of themselves and for the use of the People of the Territory of Utah," against the defendants, upon the official bond of the defendant Golding, as assessor and collector of Salt Lake County, the other defendants being sureties upon the bond.

A demurrer to the complaint as originally framed was sustained, and leave given to the plaintiff to amend. An amended complaint was filed in the name of the present plaintiffs and appellants.

Upon motion the amended complaint was stricken from the files. The appeal is from this order, and raises a technical question of practice, and that is as to the right of the original

plaintiff, to change the title of suit by bringing in other parties, under a general privilege given to file an amended complaint. The demurrer embraced several grounds, and the order sustaining the demurrer does not specify upon what grounds it was sustained; nor is the change in the parties to the suit the only amendment actually made.

The amended complaint makes an entire change of parties plaintiff, other and different parties are substituted for the original ones. This ought not to be allowed under the general privilege given to amend. New parties are not brought into court in this way. It should be done upon the order of the court, amending the complaint in this respect. P. A. § 68.

Upon this technical question of practice, the action of the court upon the motion was correct, and should be affirmed.

Counsel upon both sides are, however, anxious that we should pass upon some of the other points raised upon the appeal. And the first is as to the power of the county to sue. The authority is nowhere expressly given in the statute. The Legislature (C. L. § 154) declares that the portion of the Territory embraced in certain given boundaries " is hereby made and named Salt Lake County, with county seat at Salt Lake City." All the counties in the Territory are organized by the use of the same words, aside from the boundaries.

The question is, are these districts of territory thus set off and named counties, corporations?

The Legislature is the proper source of corporate powers of this character, and it is well settled that no fixed precise form of words are necessary in order to create a corporation. (Dillon on Mun. Corp. § 21.) It may be created by implication, but in such cases the intention of the Legislature must plainly appear. (*Ibid.* § 22.) This intention may be shown constructively as well as expressly.

These counties are organized as a part of the machinery of the territorial government; and the Legislature has given them certain rights, duties, privileges and powers, and such rights as can be enjoyed and powers exercised in no other way

than acting in a corporate capacity. It follows then, that it was the intention of the Legislature that they should be corporations, and they are involuntary or *quasi* corporations. This being the case, then one of the powers incidental to the corporation, and without which it could not carry into full effect the powers given to it, is the power to sue. Angell & Ames on Corp. § 369.

But in the case before us, the county is not properly a party to the suit, even if the alleged breach of the bond had been the failure to pay over or account for money belonging to the county.

Section 351, C. L., provides that, "in all cases of neglect or refusal on the part of the assessor and collector to pay over to the treasurers the taxes collected, as provided in this section, the county court is hereby authorized and required to proceed against him in a civil suit on his bonds." To "proceed against him" in this connection means to bring a suit, and they are not authorized to do this in the name of the county, but in their own name. The alleged breach of the bond was for the failure to account for money belonging to the Territory, and in which the county, as such, had no interest whatever. The county and the Territory cannot unite in a suit for money belonging to each, as a separate corporation, or to the one to the exclusion of the other. The title to and ownership, of the money sought to be recovered, must determine the right of action, and if the money did not belong to the county, but did belong to some other body having the capacity to sue, the action cannot be maintained. *People* v. *Ingersoll*, 17 Amer. 184; *People* v. *Booth*, 32 N. Y. 397.

By the provisions of sections 344 and 347, C. L., it is the evident intention that the assessor and collector should give two bonds, one to the Territory and one to the county, before entering upon the duties of his office. This plain provision of the law was neglected by the probate judge in the case before us, and a bond not authorized by the statute was

accepted by him. We express no opinion as to the liability of the parties to such a bond.

The judgment of the court below is affirmed.

SCHAEFFER, C. J., and BOREMAN, J., concurred.