Mayham, J.
The plaintiff brings this action to compel the defendant to account to and pay over to plaintiff a certain share of the earnings of the plaintiff and of other agents, appointed by him, and the defendant to receive applications for policies in the “Equitable Accident Association of Binghampton.”
The answer sets up, as a counter-claim, claims alleged to have arisen between the defendant and this plaintiff and one McHarg, as partners.
To this answer the plaintiff interposed a demurrer.
The defendant insists that the complaint does not state *501 facts sufficient to constitute a cause of action, and that the plaintiff has committed the first error in pleading.
The rule is doubtless well stated by the defendant that on demurrer to the answer the defendant is entitled, to judgment if the complaint does not state facts sufficient to constitute a cause of action. This rule was well settled before the Code, and is held to be equally applicable since its adoption. People v. Booth, 32 N. Y., 397; Wright v. Booth, 69 N. Y., 620.
It, therefore, becomes necessary to examine the complaint to determine whether it is defective, as claimed by the defendant. The complaint alleges an agreement between the plaintiff and defendant by which they were to become interested in a common fund, and, in substance, charges that that fund or some portion of it, together with the books containing a statement or evidence of the amount, is in the hands or under the control of the defendant, and that he retains the same and refuses to account therefor, and that an accounting is necessary to ascertain the amount due or the standing of the accounts between the plaintiff and defendant, and asks for such accounting.
While the complaint may not in terms show the relation of partners to exist between the plaintiff and defendant, yet if the complaint is sustained by proof then there would seem to be such a community of interest between the parties in the fund as would justify an accounting. I think it could not be said on this demurrer that the complaint did not state a cause of action, and should be dismissed for that reason. Marvin v. Brooks, 94 N. Y., 71.
The counterclaim set up in the answer, to which the demurrer is interposed, is not alleged to have arisen between the parties to this action solely; nor does it appear that the alleged claim accrued solely between the plaintiff and defendant, or has been assigned to plaintiff. A judgment in this action could not be rendered against the-plaintiff and McHarg. Nor could a judgment, growing out of the contract alleged in the count demurred to, be rendered against this plaintiff solely. It is not a claim as to which a several judgment could be taken against the plaintiff, as required by section 500 of the Code of Civil Procedure. But it is insisted by the defendant that part of the answer demurred to is good, and if it should appear on the trial that McHarg was a necessary party to try the rights of the parties under the contract referred to in said answer, the court would order him to be brought in. The difficulty with that theory is that the plaintiff proceeds upon a different contract and not on a joint contract between himself and McHarg, as parties on the one side and the defendant on the other, and if it should appear on the *502 trial that the joint contract was the only one between the plaintiff and defendant, the plaintiff would fail in his action.
The cause of action set forth in the plaintiff’s complaint is on a contract between the plaintiff solely and the defendant.
The answer does not assume to counterclaim that cause of action, but alleges that no such contract was made, and then proceeds to counterclaim some other and different contract.
This cannot be done under the provisions of subdivision 1 of section 501 of the Code. That subdivision provides that it must be “A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff’s claim, etc.” Code of Civil Pro., § 501, subd. 1.
The demurrer must, therefore, be sustained and the plaintiff have judgment thereon with costs, with leave for the defendant to amend his answer on payment of costs of demurrer.