1. EQUITY—JURISDICTION—CONTINUOUS TRESPASS—INJUNCTION.
   Though continuous trespasses by a railroad on easements give separate successive causes of action at law for damages as the injuries are perpetrated, yet equity will take jurisdiction to restrain continuance of the trespass and prevent multiplicity of suits.

2. SAME—DEFENSE IN ANSWER—DEMURRER—NEW MATTER—CONCLUSION OF LAW.
   A defense in an answer in an action to restrain trespasses, alleging that plaintiff has a complete and adequate remedy at law, and has no right to invoke equitable interference, consists of new matter, and is demurrable, under Code Civ. Proc. § 494, authorizing demurrer to a defense contained in an answer consisting of new matter.

Injunction by Susanna Olivella against the New York & Harlem Railroad Company and others. On demurrer to the answer. Sustained.

L. M. Berkeley, for plaintiff.
Ira A. Place, for defendants.

GILDERSLEEVE, J. The plaintiff demurs to the fourth separate defense of the answer, which is as follows, viz.:

[1] Affirmed in 64 N. Y. Supp. 1145.

"For a further fourth and separate defense, the defendant alleges, upon information and belief, that for the pretended injuries or causes of action alleged in the complaint the plaintiff has a complete and adequate remedy at law, and that the plaintiff has no right to invoke the equitable interference of this court."

The plaintiff demurs to this defense "on the ground that it is insufficient in law upon the face thereof." The demurrer is based on section 494 of the Code of Civil Procedure, which is as follows, viz.:

"The plaintiff may demur to a counterclaim or defense, consisting of new matter, contained in the answer, on the ground that it is insufficient in law, upon the face thereof."

The plaintiff's claim is that a demurrer admits as true only such relevant facts as are well pleaded, and not a conclusion of law (see Masterson v. Townshend, 123 N. Y. 458, 25 N. E. 928, 10 L. R. A. 816); and that the defense in question avers no facts, but simply and purely a conclusion of law, and is, therefore, demurrable. See Hammond v. Earle, 58 How. Prac. 438.

It is further urged by the plaintiff that the allegations of the complaint show that the cause of action is in point of fact properly an equitable one, inasmuch as the complaint alleges that the injuries complained of will be constant and continuous trespasses; and that, to prevent a multiplicity of suits, and to afford the plaintiff adequate relief, the equitable interference of the court is necessary; and the complaint asks for a perpetual injunction restraining defendants from maintaining a structure, and from operating thereon trains of cars, in front of plaintiff's premises, and for a judgment directing the removal of said structure, together with damages for the trespass committed by defendants. It is well settled that, although trespasses on real property effected by an illegal structure thereon are continuous in their nature, and give to the owner separate successive causes of action at law for damages, from time to time, as the injuries are perpetrated, still the owner may also resort to equity to prevent continuance of the trespass and a multiplicity of actions at law. See Pappenheim v. Railroad Co., 128 N. Y. 436, 28 N. E. 518, 13 L. R. A. 401. See, also, Golden v. Health Department, 21 App. Div. 420, 47 N. Y. Supp. 623.

In opposition to the demurrer the defendants urge that the defense in question does not consist of new matter, and therefore the demurrer is not warranted by section 494 of the Code, above quoted. This section, however, does not require that the defense should "set up new facts," but simply should "consist of new matter." I am inclined to the opinion that the defense does "consist of new matter." It sets up a conclusion of law, not an answer to any of the allegations of the complaint. The demurrer must be sustained, with costs.

Demurrer sustained, with costs.