(36 Misc. Rep. 249.)

### GOLDBERG v. KIRSCHSTEIN.

(Supreme Court, Special Term, New York County. November, 1901.)

1. SPECIFIC PERFORMANCE—PLEADING—ANSWER.
    Plaintiff sued to compel specific performance of a contract to enter into a partnership, and to enjoin defendant from entering into any other partnership, and for damages in case specific performance could not be had. The answer set up that plaintiff had an adequate remedy at law, and that defendant was financially solvent, and able to respond in damages, and that plaintiff could not maintain his suit in equity. *Held* not demurrable, as, unless defendant pleaded that plaintiff had an adequate remedy at law, he could not raise such objection on the trial.

2. PLEADING—DEMURRER.
    Where plaintiff demurs to an answer for insufficiency, the defendant may on the demurrer attack the sufficiency of the complaint.

3. SAME—SUFFICIENCY OF COMPLAINT.
    A complaint will not be dismissed for insufficiency if it contains facts entitling plaintiff to some relief, legal or equitable.

4. SPECIFIC PERFORMANCE—WHEN GRANTED.
    Specific performance of a contract to enter into a partnership will not be enforced where there has been no part performance.

Action by Israel G. Goldberg against Simon Kirschstein. De-murrer to answer overruled.

Louis A. Jaffer for plaintiff.
Jacob Levy, for defendant.

McADAM, J. The action is to compel specific performance of a copartnership contract, and to enjoin the defendant from forming any other copartnership, or, in case specific performance cannot be had, for damages caused by the alleged breach of the contract.

As a defense the defendant pleads "that the plaintiff has an adequate remedy at law for damages against this defendant, who is financially solvent, and able to respond in damages for the breach of any contract to which he is a party; and that said plaintiff cannot maintain this action in equity by reason of such facts." To this the plaintiff demurs on the ground of insufficiency. In opposition to the demurrer the defendant maintains that the defense is good, and that, in any event, the complaint is insufficient, and should, therefore, be dismissed. Although it has been decided that an alleged defense stating that the plaintiff has an adequate remedy at law is insufficient (Olivella v. Railroad Co., 31 Misc. Rep. 203, 64 N. Y. Supp. 1086, affirmed 51 App. Div. 612, 64 N. Y. Supp. 1145; Machine Co. v. English, 34 Misc. Rep. 342, 69 N. Y. Supp. 813), it would seem that a contrary disposition should be made of this demurrer. It is true that the alleged defense does not appear to conform to the rules of pleading prescribed by the Code (Sbarboro v. Health Department, 26 App. Div. 177, 49 N. Y. Supp. 1033; Durst v. Railroad Co., 33 Misc. Rep. 124, 67 N. Y. Supp. 297), but it is also true that, unless a defendant brought into equity upon a matter within its jurisdiction pleads that the plaintiff has an adequate remedy at law, he cannot raise that question upon the trial (Ludlow v. Simond, 2 Caines, Cas. 1, 40, 56, 2 Am. Dec. 291; Hawley v. Cramer, 4 Cow. 717; Grandin v. Le Roy, 2 Paige, 509; Truscott v. King, 6 N. Y. 157; Town of Mentz v. Cook, 108 N. Y. 504, 15 N. E. 541; Hawes v. Dobbs, 137 N. Y. 465, 33 N. E. 560). How, then, is the question of the adequacy of the legal remedy to be presented? A denial of the plaintiff's allegation that his loss is irreparable, and that a judgment for damages would not compensate him, would scarcely constitute a plea of legal adequacy, and such plea could, under no circumstances, be considered a counterclaim or a partial defense. A statement by way of defense seems to be the only means left for raising the objection. Code, § 500. It would seem that the equitable rule in question is like the statute of limitations. The objection that the action was not commenced within the time limited must be made in the answer or in the reply when it is directed to a counterclaim (Code, § 413); and it is said that the statute does not affect the right, but the remedy only. Waltermire v. Westover, 14 N. Y. 16; Pratt v. Huggins, 29 Barb. 277; Jones v. Bank, 27 N. Y. Super. Ct. 221. So in this case the defendant's objection applies only to the remedy. The alleged defense is more than a legal conclusion, for it is based upon facts which, in connection with the cause of action alleged, seem to justify defendant's plea. In Gould v. Illuminating Co., 29 Misc. Rep. 241, 60 N. Y. Supp. 559, the late Justice Beekman, in passing upon a similar question to the one raised in this case, said:

"While it would seem that such a defense, so called, is a mere conclusion of law, it appears to be necessary to plead it where the defendant intends to raise the question upon the trial; otherwise he will be deemed to have assented to the disposition of the controversy on the equity side of the court. * * * Certainly, as a statement of a defense to the action, it does not seem to be congruous with the rules of pleading established by the Code, and ought rather to be considered as in the nature of a formal notice to the

plaintiff that the defendant does not intend to submit to a decision of the controversy on the equity side of the court, and will, upon the trial of the action, ask for a dismissal on the ground that the plaintiff has an adequate remedy at law which he should pursue. Whether there is such a remedy forms a proper subject for consideration upon the trial. The demurrer is therefore overruled, with costs."

The plaintiff's demurrer must, therefore, be overruled.

As to the insufficiency of the complaint, it is undoubted that a defendant may raise that point when his answer is demurred to for insufficiency. People v. Booth, 32 N. Y. 397; Baxter v. McDonnell, 154 N. Y. 432, 48 N. E. 816. As a rule, the court will not enforce specific performance of a contract to form and carry on a partnership. To this rule there is the exception that, if the contract defines the term of the partnership, and there has been part performance of the contract, the court may specifically execute it by decreeing the parties to execute a proper deed, and, if necessary, by restraining any partner from carrying on business under the partnership style with other persons, and from publishing notices of dissolution. Fry, Spec. Perf. (3d Am. Ed.) 681. The plaintiff comes within the rule, not the exception. From the allegations in the complaint it appears that the contract is an executory one; for the facts that the plaintiff suspended business in the establishment where he was personally engaged in business, that he leased the premises in said establishment to a third person, and that he paid out moneys in contemplation of the proposed copartnership, do not constitute a part performance of the copartnership contract.

Neither is the plaintiff, on the facts disclosed, entitled to an injunction. The contract is the ordinary one providing for contribution of skill and capital by the parties in the business of manufacturing clothing during a definite term, and containing the usual affirmative clauses as to the proportion of profits to which the parties should be entitled, the keeping, inspection, and rendition of accounts, the amounts to be drawn by the parties, and the like. The agreement contains no negative covenant, and the doctrine that an injunction in aid of specific performance, being ancillary to the main purpose of the bill, is dependent upon that, and must stand or fall with the bill (2 High, Inj. [3d Ed.] § 1120), controls.

It would seem, therefore, that the plaintiff has misconceived the nature of his remedial rights; but, as the complaint states facts which entitle him to some relief, legal, if not equitable, the action cannot be dismissed. "A suit does not now fail because the plaintiff has erred as to the form or kind or extent of the remedy he demands. A party cannot be sent out of court merely because the facts alleged do not entitle him to relief in equity. If the case which he states shows him entitled to any relief, either legal or equitable, his complaint is not to be dismissed because he has prayed for a judgment that is not embraced by the facts. * * * If a plaintiff had brought his action on the theory that it was based upon an equitable right, and sought an equitable relief, and it turns out to be in effect legal, so that the defendant is entitled to a jury trial, the trial must be had before a jury, and not before a single

judge sitting as a chancellor." Pom. Code Rem. (3d Ed.) 87. The complaint must, therefore, be held to be sufficient, but, as before stated, the demurrer to the defense is overruled, with costs.

Demurrer overruled, with costs.