MADGE HART, Respondent, *v.* MAX HART, Appellant.

First Department, June 13, 1919.

**Specific performance — agreement to pay money and transfer property in consideration of discontinuance of divorce proceedings — oral agreement — partnership contract.**

Specific performance may be decreed of an agreement by the defendant to pay the plaintiff a sum of money and transfer to her one-half his property in consideration of the discontinuance of divorce proceedings by her against him and her returning to and living with him, and an accounting may be ordered to carry the decree into effect.

Specific performance of an oral agreement can be decreed only where the same is established with definiteness and certainty.

Specific performance of a contract to enter into a partnership, or to compel the performance of a contract of partnership already in existence, where no definite term is fixed, cannot be decreed.

Where a partnership contract is for a definite term, relief may be granted to the extent of compelling the execution of the partnership articles, or the transfer of property, where there has been a part performance, or to restrain any partner from carrying on the business under the partnership name with other persons, or from publishing notices of dissolution.

DOWLING, J., dissented, with memorandum.

APPEAL by the defendant, Max Hart, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 27th day of May, 1918, upon the decision of the court after a trial at the New York Special Term.

The judgment directed that an accounting be had before a referee and decreed specific performance of an oral agreement.

*Edmund L. Mooney* of counsel [*Eli S. Wolbarst* with him on the brief; *Blandy, Mooney & Shipman,* attorneys], for the appellant.

*Herbert C. Smyth* of counsel [*Hirschman & Drucker,* attorneys], for the respondent.

PAGE, J.:

. The evidence amply sustains the findings of the learned justice at Special Term, that the plaintiff and defendant had mutually agreed that if the plaintiff would discontinue the actions for a divorce and for a dissolution of the partnership

which she alleged had existed between them in the vaudeville booking business, and return to and live with the defendant as man and wife, the defendant would pay to the plaintiff $20,000 in cash, and make an equal division of all his property and transfer to her the one-half part thereof; that in consideration of this agreement the plaintiff caused the two actions to be discontinued and returned to the defendant and cohabited with him, thus losing all right of action against him for divorce, to which he admitted that he had no defense. Having accomplished his purpose, the defendant obtained possession of the check for $20,000 which he had given the plaintiff, upon the promise to get it cashed for her, and thereafter refused to pay the amount to her, and has wholly failed to keep his agreement in any particular, except that the $75 per week has been paid to her on the written order of the defendant, which he attempted unsuccessfully to cancel. To the extent that the judgment decrees a specific performance of the agreement in the above particulars, and an accounting to carry the same into effect, it should be affirmed.

In so far, however, as the judgment decrees that the plaintiff has a one-half interest in the booking business conducted by the defendant and requires him to account to the plaintiff every six months for the profits, increase and income hereafter arising from said business so long as the business shall continue, it cannot be sustained. *First.* Such an arrangement was not alleged in the complaint to have been a part of the settlement agreement. *Second.* It was not clearly and distinctly proved to have been a part of the agreement made between the parties. Specific performance of an oral agreement can only be decreed where the same is established with definiteness and certainty. *Third.* Specific performance of a contract to enter into partnership, or to compel the performance of a contract of partnership already in existence, where no definite term is fixed, cannot be decreed. Such a partnership would be at will and dissoluble at the pleasure of any of the parties, and such a dissolution would terminate the contract and make the decree an empty form. (*Wilcox* v. *Williams*, 92 Hun, 250, 252; Pom. Spec. Perf. § 290.) Where the contract is for a definite term, relief may be granted to the extent of compelling the execution of the partnership

articles, or the transfer of property, where there has been a part performance, or to restrain any partner from carrying on business under the partnership name with other persons, or from publishing notices of dissolution. (*Goldberg* v. *Kirschstein*, 36 Misc. Rep. 249, 252; Fry Spec. Perf. [2d Am. ed.] § 961.) The case under consideration comes under none of the exceptions. If an agreement of copartnership exists between the parties, a breach thereof would give rise to a cause of action for which an appropriate remedy is provided.

The judgment should be modified by striking therefrom the provisions as to the accounting for the profits of the booking business, and as so modified affirmed, with costs to the respondent.

CLARKE, P. J., SMITH and PHILBIN, JJ., concurred; DOWLING, J., dissented.

DOWLING, J. (dissenting):

I dissent and vote to reverse the judgment and dismiss the complaint, on the ground that the agreement sued on has not been proven.

Judgment modified as directed in opinion and as modified affirmed, with costs to respondent. Order to be settled on notice.