■ STEFANO LO PRESTI, Respondent, v. COLUMBIA STEVEDORING CO., INC., Appellant and Third-Party Plaintiff-Appellant, et al., Defendant. MARRA BROTHERS, INC., Third-Party Defendant-Respondent.— In this action to recover damages for personal injuries, at the end of the plaintiff's case, the trial court, on its own motion, dismissed the third-party complaint and, at the close of the entire case, the jury rendered a verdict in favor of plaintiff and against defendant in the amount of $35,000. The appeal is from the judgment entered thereon. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Schmidt, Beldock, Murphy and Ughetta, JJ. [See *post*, p. 784.]

■ ANITA T. MONCLOVA, Respondent, v. LAWRENCE C. ARNETT et al., Appellants.— In an action for specific performance of an agreement to transfer an interest in a retail liquor business, to recover in *quantum meruit* for services rendered, and for other relief, order denying appellants' motion to dismiss the complaint and the three causes of action therein modified by striking the ordering paragraphs therefrom and by substituting in place thereof an ordering paragraph providing that the motion be granted as to the first and second causes of action and be denied as to the third cause of action. As thus modified, order affirmed, without costs. Respondent may, if she be so advised, replead in respect of the second cause of action within ten days after entry of the order hereon. The first cause of action seeks to enforce an agreement to transfer a half interest in an established retail liquor store business, either as a partnership interest or by formation of a corporation and transfer of 50% of the stock. The agreement does not provide for any duration of the partnership, and necessarily the interest must be approved by the State Liquor Authority. In the exercise of discretion, the court would not decree performance of an agreement to establish a partnership which can be dissolved at will. (*Hart* v. *Hart*, 188 App. Div. 283, 284.) Nor would it direct the State Liquor Authority to approve such change of ownership. The second cause of action is directed against the appellant corporation but is based upon an agreement made with the individual appellants, who are the sole stockholders of the corporation, and there is no allegation of authority of the individual appellants to bind the corporation. (See *McIlrath* v. *Waterbury & Sons Co.*, 193 App. Div. 491.) McCrate, Murphy and Ughetta, JJ., concur; Wenzel, Acting P. J., and Beldock, J., concur as to the second and third causes of action, but dissent as to the first cause of action, and as to that cause of action, vote to deny the motion, with the following memorandum: In the first cause of action respondent is not seeking specific performance of an agreement for a partnership. Rather, she is seeking the transfer of a half interest in a business, partnership or corporation. If the State Liquor Authority approves, there is no reason why respondent should not be entitled to the property rights she is seeking to establish. [See *post*, p. 846.]