Per Curiam.

In granting leave to appeal to this court the Appellate Division, Second Department, certified the following question: “ Was the order of this Court entered January 3, 1956, properly made? ”
That order had reversed so much of the order made at Special Term as had denied respondents’ motion to dismiss plaintiff’s complaint, consisting of three alleged causes of action for insufficiency pursuant to rule 106 of the Rules of Civil Practice, by dismissing the first two causes of action with permission to the plaintiff to replead as to the second cause of action. It allowed the third cause of action to stand.
When the allegations of plaintiff’s first cause of action are read in the light most favorable to her, it fully appears that the plaintiff is not seeking specific performance of an agree *36 ment to establish a partnership which can be dissolved at will (Hart v. Hart, 188 App. Div. 283) but rather to enforce an agreement whereby defendants, in consideration of certain services rendered to them by the plaintiff, promised to give to her a one-half interest in the subject retail package liquor store located at 376 Classon Avenue, Brooklyn, N. Y., which until now they have refused or neglected to do. It has long been the rule that equity is available to place the parties to a contract in the legal position they would have occupied if the repudiated agreement had been performed (81 C. J. S., Specific Performance, §§ 1, 3, 81; 5 Williston on Contracts [rev. ed., 1937], p. 4028, § 1442 and notes; Pomeroy on Specific Performance [3d ed.], § 290; Somerby v. Buntin, 118 Mass. 279). The fact that a change in ownership of a retail package liquor store requires the approval of the State Liquor Authority provides no basis for denying to plaintiff the relief sought. Even if the Authority ultimately refuses approval there is no good reason why plaintiff should be denied the opportunity to establish vis-a-vis the defendants, her property rights in the package store, the liquidation value of which appears to be substantial. Furthermore, since the value of the interest in the business which plaintiff seeks seems to be much greater than a possible recovery in quantum meruit, it makes the latter remedy inadequate.
The certified question should be answered in the negative.
The order appealed from insofar as it grants defendants’ motion to dismiss for insufficiency the plaintiff’s first cause of action as alleged in her complaint should be reversed and, as so modified, otherwise affirmed, with costs.
Conway, Ch. J., Desmond, Dye, Fuld, Froessel, Van Voorhis and Burke, JJ., concur.
Order of Appellate Division, insofar as appealed from, modified in accordance with the opinion herein and, as so modified, affirmed, with costs. Question certified answered in the negative.