■  SAUL I. BIRNBAUM, Respondent-Appellant, v JOSEPH H. SCHULER et al., Appellants-Respondents.—Order, Supreme Court, New York County, entered April 14, 1976, denying the motion and cross motion for summary judgment in an action seeking specific performance of certain letter agreements, modified, on the law, without costs and without disbursements, to grant summary judgment to the plaintiff for specific performance, and to remand for a hearing and an accounting, and with respect to such accounting to grant summary judgment to the defendant with respect to the accounting as to that portion of the agreements that may have to do with income from liquor licenses, and otherwise affirmed. The plaintiff was a one-third owner, together with the individual defendant and the plaintiff's brother (now deceased), of the stock of the defendant corporations. He was convicted of a felony and, thereafter, the letter agreements covering the corporations were entered into with the individual defendant. The corporations operated bowling alleys, and incidental thereto there were liquor licenses. For the liquor licenses to be continued, the plaintiff could not be involved with the licensees. He donated his stock to each corporation and terminated his relationship and had no further connection with the operations or the defendant corporations. However, the agreements provided that his one-third interest should "remain unimpaired" to be restored to him at a future date when it would be proper so to do. Years later, the business operations were transferred and the plaintiff thereafter sought enforcement of the agreements. The defense is supervening illegality and public policy. (See *Flegenheimer v Brogan,* 284 NY 268.) The State Liquor Authority states that it offers no objection to the turning over of the interests in question. The court at Special Term recognized that as between the parties, there was no good reason why the agreements should not be enforced. *(Monclova v Arnett,* 3 NY2d 33.) However, summary judgment to the plaintiff was denied on the basis that some factual aspect might render the agreements unenforceable. The facts are clear. To allow the defendants to avoid the obligations under the agreements would "create both forfeiture and unjust enrichment" *(Hadden v Consolidated Edison Co. of N. Y.,* 34 NY2d 88, 97). The main business of the corporations was the operation of bowling alleys, and the liquor license aspect was merely a side issue. Further, the plaintiff, other than for the agreement provisions which protected his interest for restoration at a proper future date, took no part in the operations of the defendant corporations. We remand for a hearing and accounting so that, on such accounting, such portion of the income of the corporations that may be fairly allocable to the liquor licenses may be deducted, as it would be only to that extent, if any, that the defendant may invoke the contention with respect to public policy. Concur—Kupferman, J. P., Markewich and Yesawich, JJ.; Silverman, J., votes to affirm for the

reasons stated by Spiegel, J.; and Murphy, J., dissents in the following memorandum: The plaintiff was convicted of bribery on November 21, 1963. Thereupon, the State Liquor Authority (SLA) directed the plaintiff to divest himself of any interest in the corporate defendants, which had been issued liquor licenses. By a first set of letter agreements dated January 9, 1964, the plaintiff donated his shares to each defendant corporation and directed each of them to cancel his subscription upon repayment of his loans, if any, and upon SLA approval of this form of divestiture. The SLA approved the divestiture upon the representation of the other principals that the plaintiff no longer had an interest in the defendant corporations. However, by a second set of letter agreements, dated January 9, 1964, with the two other corporate principals, the plaintiff secretly retained an interest in the corporate defendants. This action has been brought to seek specific performance of the second set of letter agreements. Any license or permit issued pursuant to the Alcoholic Beverage Control Law may be revoked, canceled or suspended in the event the licensee or permittee is convicted of a felony in New York State (9 NYCRR 53.1 [g]). Upon the plaintiff's conviction of a felony in 1963, the SLA threatened to revoke the subject licenses unless the plaintiff divested himself of all interest in the corporate defendants. The secret letter agreements between the plaintiff and the other two corporate principals were illegal since they were in direct contravention of an administrative directive to a licensee. Had suit been brought upon those secret letter agreements in 1964, it would have been dismissed for it would have been based upon agreements that contravened the public policy as embodied in the rules of the SLA and as enforced by that agency. The public policy against enforcing those secret agreements is not altered by the fact that, in 1972, the defendant corporations leased their businesses to a corporate entity that obtained its own liquor licenses. To encourage compliance with SLA directives in the future, this tribunal should now refuse to enforce the clandestine letter agreements that were made in circumvention of public policy. The complaint should be dismissed and the parties should be left in the position that this court now finds them. (10 NY Jur, Contracts, § 176.)