■ 75 CHRISTOPHER STREET CORP., Respondent, v RUTH K. FURMAN, Defendant, and SAMUEL PANZER, Appellant.—Order of the Supreme Court, New York County (Andrew R. Tyler, J.), entered December 18, 1986, which, *inter alia,* denied defendant Samuel Panzer's motion for summary judgment dismissing the complaint as against him, is unanimously modified, on the law, defendant's motion for summary judgment dismissing the complaint as against him granted, and the order is otherwise affirmed, without costs.

By agreement dated November 30, 1982, plaintiff, 75 Christopher Street Corp., agreed to purchase from defendant owner Ruth Kaplan an 18-unit apartment building at 46-48 Downing Street in Manhattan for $315,000. Defendant Samuel Panzer, the owner's attorney, drafted the initial proposed contract, which set forth the metes and bounds description of the property but excepted from the property to be conveyed "that portion of the above described premises which were *[sic]* acquired by the City of New York for the opening of Verrazano Street."

Plaintiff claims that when he inquired of defendant Panzer during negotiations as to the condemnation exemption clause, he was informed that it referred to portions of the sidewalk the city took over more than 30 years earlier, but it did not involve the building itself. The contract was signed and the title search ordered. The title report revealed that the condemnation had in fact taken a large triangular portion of the property measuring 24 by 25 feet which did include part of the building. Subsequently, the city abandoned its plans to use the condemned property and later charged the owner $150 per month as rental for use of the condemned property.

Plaintiff adjourned the closing date of the contract, so that it could attempt to obtain a release or reconveyance of the condemned property. Plaintiff eventually abandoned those efforts when it rejected the city's price of $40,000 for a release or reconveyance as too high. Plaintiff thereafter commenced the within action for specific performance of the agreement against both the owner Kaplan and her attorney Panzer.

Defendant Panzer's motion for summary judgment dismissing the complaint against him should have been granted. In an action for specific performance to enforce a contract, the plaintiff must show, among other things, that the contract is

within the power of the defendant to perform *(S.E.S. Importers v Pappalardo,* 53 NY2d 455, 464-465) and that the defendant is a party to the contract. *(Monclova v Arnett,* 1 AD2d 700, *mod on other grounds* 3 NY2d 33; *R & R Homes v Gellman,* 144 NYS2d 54, 55.)

Defendant was the attorney for the owner of the premises and not a party to the contract. Additionally, having no ownership interest in the premises, it is clearly not within his power to perform the contract. Accordingly, no valid cause of action for specific performance of this contract has been asserted against defendant Panzer and the complaint should be dismissed as against him. Concur—Sandler, J. P., Ross, Carro, Milonas and Ellerin, JJ.