Qiaoshang Intl. LLC v Bryant Park Funding 100, LLC

2026 NY Slip Op 02221

April 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Qiaoshang International LLC, Plaintiff-Respondent, Ying "Vivian" Ding Plaintiff,

v

Bryant Park Funding 100, LLC, Defendant-Appellant, 20 West 40 Bryant Park Owner LLC et al., Defendants.

Decided and Entered: April 14, 2026

Index No. 651888/23, 153489/21|Appeal No. 6362|Case No. 2025-00647|

Before: Webber, J.P., Gesmer, Mendez, Pitt-Burke, Hagler, JJ.

Loeb & Loeb LLP, New York (David M. Satnick of counsel), for appellant.

Hoguet Newman Regal & Kenney, LLP, New York (Bradley J. Nash of counsel), for respondent.

[*1]

Judgment, Supreme Court, New York County (Jennifer G. Schecter, J.), entered January 24, 2025, to the extent appealed from as limited by the briefs, cancelling the mortgage of defendant Bryant Park Funding 100, LLC (BPF) against 16 West 40th Street, New York, NY, units 31A and 31B, recorded on June 28, 2022, and bringing up for review orders, same court and Justice, entered on or about July 12, 2024, which granted plaintiffs' motion for summary judgment, unanimously affirmed, with costs.

On April 17, 2017, plaintiff Qiaoshang International LLC (Quiaoshang) executed two substantially identical letter agreements, one with defendant HFZ Bryant Park Member I LLC (HFZ I) and the other with defendant HFZ Bryant Park Member II LLC (HFZ II). Together, HFZ I and II indirectly owned a controlling interest in defendant 20 West 40 Bryant Park Owner LLC, the owner of The Bryant, a condominium development located on 40th Street in Manhattan. HFZ I and II, together with their affiliates, defendants HFZ Capital Group LLC, HFZ Bryant Park Owner LLC and HFZ Bryant Park Manager LLC (collectively, HFZ), were in the process of developing The Bryant. Qiaoshang entered into these agreements with the express purpose of acquiring two adjacent units in the building that were being marketed as units 31A and B. However, until the New York Attorney General approved the condominium offering plan, the units could not be purchased outright. Thus, under the agreements, Qiaoshang paid a substantial sum in exchange for a membership interest in the two LLCs, with an agreement that, within 10 days following the offering plan's effective date, HFZ was to issue Qiaoshang an offering notice so that Qiaoshang could, if it chose, deliver a "conversion notice" to HFZ, thereby starting the process of converting its membership interests into ownership of the units.

This arrangement had been structured by Qiaoshang's principal, plaintiff Ying Ding, and Nicholas Mastroianni, the principal of defendant United States Immigration Fund, LLC (USIF), who was also principal of BPF. As part of this arrangement, USIF agreed to pay money which it owed to Ding's entity.

The Attorney General approved the offering plan on May 4, 2017. HFZ, which has defaulted, has not disputed that it failed to send the offering notice within the time set by their agreement. As a result, Qiaoshang did not send HFZ a conversion notice. Despite this, the record establishes that over the next several years, both HFZ and Mastroianni treated Qiaoshang as the units' owner, until at least late 2020.

[*2]

The court properly granted plaintiffs' motion for summary against BPF. Plaintiffs established that they had an "interest" in the subject units, that BPF knew precisely which units Qiaoshang sought to acquire, and that BPF had actual or at least constructive notice of this interest by the time HFZ granted BPF a mortgage on May 27, 2022 (see Warwick St Partners LLC v Harris, 200 AD3d 586, 587 [1st Dept 2021], lv dismissed 38 NY3d 1168 [2022]). The record also establishes that HFZ, which defaulted, waived any requirement that Qiaoshang deliver a conversion notice (see Condor Funding, LLC v 176 Broadway Owners Corp., 147 AD3d 409, 411 [1st Dept 2017]). BPF's actual or constructive notice meant that BPF was not a bona fide encumbrancer when it was granted and subsequently recorded its mortgage (see Warwick St Partners LLC, 200 AD3d at 587).

The court also properly granted plaintiffs' motion for summary judgment on their cause of action seeking specific performance against HFZ. Although HFZ I and II did not directly own the units, their control over the direct owner gave them the power to exercise specific performance (see 75 Christopher St. Corp. v Furman, 138 AD2d 323, 323-324 [1st Dept 1988]). The language BFP argues constitutes a condition precedent for closing merely sets the maximum time limit by which HFZ could set a closing date, a matter otherwise left to HFZ's discretion. After HFZ had failed to exercise that discretion, and then defaulted the court ordered specific performance. In any event, the timeframes set in the agreement do not undermine the conclusion that the record establishes that Qiaoshang had an interest in the property sufficient to defeat BPF's status as a bona fide encumbrancer (see Warwick St Partners LLC, 200 AD3d at 587; 2386 Creston Ave. Realty, LLC v M-P-M Mgt. Corp., 58 AD3d 158, 163 [1st Dept 2008], lv denied 11 NY3d 716 [2009]).

The court also providently exercised its discretion in granting summary judgment notwithstanding BPF's request for additional discovery (see CPLR 3212[f]). BPF does not adequately explain how the additional discovery it sought would establish that it lacked actual or constructive notice, or how the additional discovery might otherwise change the motion's outcome.

We have considered the remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 14, 2026